Submitted May 30, opinion affirmed August 2, reconsideration denied
September 12, petition for review denied December 27, 1978

STATE OF OREGON, *Respondent,*
*v.*
THOMAS DEWEY EASTON, *Appellant.*
(No. 76-6124, CA 9821)

582 P2d 37

Thomas Dewey Easton, Eugene, filed the brief pro se for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Gregory A. Parker, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Defendant was charged with custodial interference in the first degree, ORS 163.257,[1] tried by a jury, and convicted. The court suspended imposition of sentence and placed defendant on probation for five years. Defendant appeals. We affirm.

Defendant's first assignment of error is the trial court's refusal to grant defendant's motion, made on the day of trial, to appoint co-counsel to appear with defendant. Defendant had earlier been granted counsel, but had then sought and been granted the right to proceed *pro se.* Defendant was indicted on November 20, 1976, on the present charge. Some negotiations over the possible extradition of defendant from the State of California followed, but he finally appeared voluntarily for arraignment on Janurary 26, 1977. Shortly before arraignment, and without consultation with the defendant, his attorney had filed a notice of intent to rely upon mental disease or defect as a defense.

Trial was originally set for March 30, 1977, but was ordered reset after May 31, 1977, after the trial court granted the motion of defendant's attorney to withdraw and appointed other counsel for defendant despite defendant's oral motion to proceed *pro se.* Apparently, the court was unwilling to permit the defendant

---

[1] "(1) A person commits the crime of custodial interference in the first degree if he violates ORS 163.245 and:

"(a) Causes the person taken, enticed or kept from his lawful custodian to be removed from the state; or

"(b) Exposes that person to a substantial risk of illness or physical injury.

"(2) Custodial interference in the first degree is a Class C felony."
ORS 163.245 provides:

"(1) A person commits the crime of custodial interference in the second degree if, knowing or having reason to know that he has no legal right to do so, he takes, entices or keeps a person from his lawful custodian with intent to hold him permanently or for a protracted period.

"(2) Custodial interference in the second degree is a Class A misdemeanor."

to proceed *pro se* because of the pending defense of mental disease or defect. Concerns about defendant's mental condition were later resolved so that on August 15, 1977, defendant made a motion, granted that same day, to appear *pro se.* Meanwhile, the case had again been postponed, this time until August 30, 1977.

On the morning set for trial, the defendant orally moved for appointment of co-counsel. The trial court denied it.

■ An informed decision by a defendant to appear *pro se* involves a waiver of defendant's constitutional right to counsel. *State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972). There is no contention here that defendant did not make his original waiver of right to appear by counsel knowingly. Rather, the defendant appears to argue that he has a constitutional right to the appointment of co-counsel, even when he chooses to appear *pro se.*

■■ Defendant is mistaken. He does have a constitutional right to represent himself without counsel. *Faretta v. California,* 422 US 806, 95 S Ct 2525, 45 L Ed2d 562 (1972). He also has a right to counsel in any criminal proceeding. *Gideon v. Wainright,* 372 US 335, 83 S Ct 792, 9 L Ed2d 799 (1963). Both constitutional rights, however, cannot be simultaneously exercised. The choice to exercise the *Faretta* right is a waiver of the *Gideon* right. The decision of a trial court to grant or deny appointed co-counsel lies within the court's discretion; it is not a matter of constitutional right. *See State v. LeMay,* 27 Or App 447, 449 at n 2, 556 P2d 688 (1976); *State v. Whitlow,* 13 Or App 607, 611, 510 P2d 1354 (1973).

■ When viewed as a matter of discretion, we find no abuse in the exercise of that discretion in this case. The motion was denied when it was made on the very morning of trial after the case had been delayed for an extremely long period of time. The trial judge quite properly recognized that the appointment of co-counsel

was virtually certain to require additional time for counsel to prepare, which the court at that late stage of the proceedings was not required to countenance.[2] We think the trial judge's apprehension about a further continuance was wellfounded, and his decision not to appoint co-counsel was well within his discretion. There was no error.

Defendant also argues that the statute under which he was charged, ORS 163.257, is unconstitutional.

■ Defendant has failed to comply with Rule 7.19 of this court in that he has failed to set out that portion of the record which demonstrates that he made his challenge to the constitutionality of the statute at trial. Because of this omission, we would be free to disregard the assignment. In any event, we decline to search the record for such a challenge to the statute. A challenge to a statute's constitutionality may not be raised for the first time on appeal. *State v. Zusman,* 1 Or App 268, 460 P2d 872 (1969).

■ Even if we were to reach the merits, defendant would fare no better. He appears to attack the statute on the ground that, as the statute is now drawn, there is no opportunity for a defendant to demonstrate that his taking of a child in apparent violation of the statute was based upon a good-faith belief that taking or keeping the child was necessary for the child's best interests.

There is simply no merit in such an argument. The legislature has made the determination, as it was entitled to, that, absent some showing of immediate physical danger to the child,[3] individuals involved in a

---

[2] We note that at the time defendant made the request for the appointment of co-counsel, he insisted that there would be no request for additional time. However, in his brief on this appeal, defendant now argues that "a co-counsel would have moved for a contnuance to have time for adequate preparation."

[3] *See* ORS 161.209, which provides:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person to defend himself

custody battle over children are not going to be permitted to steal the children back and forth.

Affirmed.

---

or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force, and he may use a degree of force which he reasonably believes to be necessary for the purpose."