**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**C. Wesley BIRD, Defendant-Appellant.**

**No. 79–1125.**

United States Court of Appeals,
Ninth Circuit.

June 19, 1980.

Judith L. Lund, Fresno, Cal., for defendant-appellant.

James E. White, Asst. U. S. Atty., Oakland, Cal., for plaintiff-appellee.

Before MERRILL, SCHROEDER and FLETCHER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an appeal from convictions on two counts of mailing threatening communications in violation of 18 U.S.C. § 876. Appellant was not represented by counsel at trial, nor was advisory counsel appointed for him. He appeals on the ground that he did not knowingly and intelligently waive his right to counsel. We reverse the convictions.

These criminal charges arose out of appellant's bitter and continuing feud with Eugene Williams, a customer of a water company owned and operated by appellant. Williams, a black man, received written communications containing racist threats which formed the basis of appellant's indictment.

Appellant, an elderly, retired professor, appeared at his arraignment without counsel, pleaded not guilty to the charges and waived a jury trial. There is no transcript or taped recording of the arraignment proceedings, despite the requirements of the Court Reporter Act. 28 U.S.C. § 753. Although he lacked an independent recollection of the arraignment, the presiding magistrate later filed an affidavit stating that pursuant to his customary practice he must have informed appellant of his right to counsel and must have determined that appellant knowingly and intelligently waived that right. The magistrate's clerk and an assistant U.S. Attorney also filed affidavits indicating in conclusory terms that the magistrate had satisfied himself that appellant was competent to handle the matter himself.

Appellant again appeared without counsel at the time set for trial. The trial judge acknowledged that fact but did not question appellant about his decision to waive his right to counsel. The judge stated only that he thought that appellant understood the general proceedings because he had previously served on a jury.

Although intelligent and experienced in public speaking, appellant exhibited confusion during trial as to the nature of the proceeding. The record reflects that on some occasions appellant seemed to believe that his adversary was Mr. Williams rather than the prosecution, and that appellant may have been under the misapprehension

that the trial was a civil rather than criminal proceeding. It was necessary for the judge to remind appellant of the nature of the proceedings.

The court found appellant guilty on both counts and placed him on probation for three years with a $2,000 fine that was subsequently suspended. The trial court also denied appellant's motion for new trial, indicating that he viewed appellant as an intelligent man familiar with legal processes.

In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court confirmed a criminal defendant's right to represent himself, but in so holding, the Court stated that the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* at 835, 95 S.Ct. at 2541, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942). On several occasions this Court has stressed that the trial court should address the defendant personally and assure itself that he understands the disadvantages of proceeding without counsel, the nature of the charges, and the possible penalties. *United States v. Aponte*, 591 F.2d 1247 (9th Cir. 1978); *United States v. Gillings*, 568 F.2d 1307 (9th Cir.), *cert. denied*, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973). Although this Court has held that the absence of personal inquiry on the record will not necessarily require reversal, the record as a whole must demonstrate that the defendant knowingly and intelligently refused counsel. *Cooley v. United States*, 501 F.2d 1249 (9th Cir. 1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).

In this case there is absolutely nothing in the record to indicate that the trial court made any attempt to determine whether appellant understood the nature of the charges against him and the dangers of self-representation. In fact, the record affirmatively indicates that the appellant mis-understood the nature of the charges against him.

■ The government argues that appellant knowingly waived his right to trial counsel at the time of his arraignment. We need not decide whether an adequate record of waiver of trial counsel might conceivably be established in an arraignment proceeding since the record in this case is clearly inadequate to establish an effective waiver. There is no transcript of the arraignment. The affidavits filed in an attempt to reconstruct the proceedings suggest only that the magistrate satisfied himself that the waiver was voluntary, but shed no light on how he reached that conclusion. There is, in short, no record which an appellate court can intelligently review.

■ Given the lack of a transcript of the arraignment, the failure of the trial court to make any inquiry as to appellant's waiver of counsel, and the absence of any showing that appellant understood the nature of the proceeding, the conviction must be reversed.

■ We have also reviewed appellant's further argument challenging the sufficiency of the evidence and the admissibility of certain handwritten and typewritten exhibits offered in evidence by the prosecution. We hold that the trial court did not abuse its discretion in determining that the government established an adequate chain of custody to authenticate the writings. The evidence was sufficient.

Reversed and remanded for new trial or further proceedings.