[No. 11211–2–I. Division One. July 18, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM NICHOLAS BARKER, *Appellant.*

*Jonathan Cole* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Eychaner, Deputy,* for respondent.

CALLOW, J.—William N. Barker appeals the judgment of the Superior Court entered after a jury found him guilty of rape in the first degree, assault in the second degree, and unlawful imprisonment while armed with a deadly weapon, alleging that there was no knowing and intelligent waiver of counsel and that he was improperly denied a continuance.

The issues presented are:

1. Whether a defendant who has been appointed as his own cocounsel, to assist in his own defense, waives his right to counsel, thereby requiring a showing on the record that he knowingly and intelligently waived this right.

2. Whether the trial court's refusal to grant the defendant's motion for a continuance was an abuse of discretion.

William N. Barker, the defendant, was charged by amended information with rape in the first degree, RCW 9A.44.040(1)(a), assault in the second degree, RCW 9A.36-.020(1)(c), and unlawful imprisonment, RCW 9A.40.040. The information also alleged that Barker was armed with a

deadly weapon, a broken whiskey bottle, during the commission of these crimes, RCW 9.95.040.

An omnibus hearing was conducted on September 10, 1981. At the hearing, Barker requested the court that he be appointed as cocounsel to his attorney, William Roarty. This request was granted by the court in its order on omnibus hearing entered on September 10, 1981. The court, however, cautioned Barker that he would be subject to the same procedural rules as any attorney. A trial date was set for October 14, 1981.

On October 13, 1981, the day before the original trial date, Barker's counsel was granted a motion to change Barker's plea from not guilty to not guilty by reason of insanity. The trial was continued at the request of defense counsel, so that Barker's competence to stand trial and sanity could be evaluated by a psychiatrist. A mental competency hearing was held on October 27, 1981. Barker was found mentally competent to stand trial based on representations of Barker's counsel; the report of Dr. Proctor, the psychiatrist who examined Barker; and the court's examination of Barker. There is no contention on appeal that Barker was not mentally competent to stand trial. Barker's right to speedy trial was waived until December 4, 1981, and the case was again continued at Barker's counsel's request until November 20, 1981, so that Barker could undergo further psychiatric evaluation.

On November 2, 1981, Mr. Roarty requested and was granted permission to withdraw as defense counsel due to a conflict with the defendant arising in his representative capacity. The office of Rufus McKee was appointed to represent Barker on November 3, 1981. A defense motion for a continuance was heard on November 17, 1981, 3 days prior to trial. Counsel McKee stated he needed additional time to personally interview all the potential state witnesses and to examine the physical evidence. This motion was denied by the court based on the fact that the case had been pending for some time, that it had been continued several

times, and "there comes a time when these cases have to be tried."

Pretrial motions were heard on November 23, 1981, 3 days after the assigned trial date. The defense motion for a continuance was renewed and again denied by the court. The court also reaffirmed the earlier finding that Barker was mentally competent to stand trial and allowed him to change his plea from not guilty by reason of insanity to not guilty. Barker indicated that as cocounsel he intended to participate only in cross–examining certain witnesses in the case. It was, however, agreed that counsel McKee would make all the legal objections.

Following the pretrial motions and jury selection on November 23 and 24, the trial was delayed to November 30, 1981, because of concerns over publicity. Trial was conducted before a jury on November 30, 1981. Prior to trial, the court was informed that Barker, over the objection and advice of counsel McKee, was going to conduct most of the case, including the opening statement, examination, and cross examination of all the witnesses. Barker ultimately also made the closing argument to the jury. The jury returned a verdict finding Barker guilty as charged on all counts. On December 15, 1981, Barker moved for and was denied a new trial. He appeals.

The first issue is whether a defendant who has been appointed as cocounsel to assist in his own defense waives his right to counsel, thereby requiring that the record reflect a knowing and intelligent waiver of such right.

The Sixth Amendment as made applicable to the states by the Fourteenth Amendment guarantees that a defendant in a state criminal trial has a constitutional right to proceed without counsel. *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975); *see* Annot., *Accused's Right To Represent Himself in State Criminal Proceeding—Modern State Cases,* 98 A.L.R.3d 13 (1980). This right is also conferred by article 1, section 22 (amendment 10) of the Washington State Constitution which states, in

part: "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel". *See State v. Fritz,* 21 Wn. App. 354, 358–63, 585 P.2d 173, 98 A.L.R.3d 1 (1978). However, since a defendant who chooses to exercise his right to represent himself, pro se, will be relinquishing many of the traditional benefits associated with right to counsel,[1] the court must determine that such decision is knowingly and intelligently made.

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. *Johnson* v. *Zerbst,* 304 U. S. [458, 464–65, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938)]. Cf. *Von Moltke* v. *Gillies,* 332 U. S. 708, 723–724 [92 L. Ed. 309, 68 S. Ct. 316 (1948)] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self–representation, he should be made aware of the dangers and disadvantages of self–representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams* v. *United States ex rel. McCann,* 317 U. S. [269, 279, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942)].

*Faretta,* at 835.

Although the absence of personal inquiry on the record will not necessarily require reversal, the record as a whole must demonstrate that the defendant knowingly and intelligently refused counsel. *United States v. Bird,* 621 F.2d 989, 991 (9th Cir. 1980); *United States v. Gillings,* 568 F.2d 1307, 1309 (9th Cir. 1978); *Cooley v. United States,* 501 F.2d 1249 (9th Cir. 1974). *But see United States v. Dujanovic,* 486 F.2d 182, 186 (9th Cir. 1973) (stating that a court

---

[1]As observed in *State v. Hoff,* 31 Wn. App. 809, 811–12, 644 P.2d 763 (1982): "A pro se defendant must bear the consequences of his or her own representation and cannot on appeal complain of the quality of the defense. . . .

"The rules of procedure apply equally to a defendant represented by counsel or appearing pro se. . . . In short, a pro se defendant is simply not entitled to special consideration."

should not grant a defendant's request to proceed pro se "without addressing the accused personally and determining on the record that the demand to waive counsel and proceed *pro se* is competently and intelligently made with understanding of the nature of the charge and the penalties involved."); *see United States v. Aponte,* 591 F.2d 1247 (9th Cir. 1978).

Washington case law is in accord:

If the defendant was made aware of the dangers and disadvantages of self–representation, is mentally competent and alert, yet insists on proceeding pro se, the defendant has acted knowingly. A showing of technical legal knowledge is not required. . . .

. . .

. . . A right is exercised "knowingly" if it is asserted willfully and intentionally. *State v. Robbins,* 15 Wn. App. 108, 547 P.2d 288 (1976).

*State v. Jessup,* 31 Wn. App. 304, 310–11, 641 P.2d 1185 (1982). "The judge must make a penetrating and comprehensive examination in order to properly assess that the waiver was made knowingly and intelligently." *State v. Chavis,* 31 Wn. App. 784, 790, 644 P.2d 1202 (1982). This waiver is required despite the presence of a court–appointed legal advisor. *State v. Dougherty,* 33 Wn. App. 466, 655 P.2d 1187 (1982); *United States v. Dujanovic, supra.*

Here, although Barker was advised that he would have to comply with proper court procedure, there is no indication in the record that Barker was made aware of the dangers and disadvantages of proceeding in a cocounsel capacity.[2] The only indication in the record of any admonishment

---

[2]When a trial judge permits a defendant to proceed in his own behalf, that defendant is subject to the same rules of decorum and conduct that a lawyer is in the trial of a case. That means that the pro se defendant shall not engage in undignified or discourteous conduct and that his zeal in his own defense should be controlled by the trial judge to insure that all participants in the trial are free of harassment and intimidation. The trial judge has the right and duty of enforcing upon a pro se defendant the standards prescribed for members of the bar. *See* CPR DR 7–106, EC 7–25, 30, 36–37.

regarding the danger of self–representation is as follows:

> Mr. McKee: Your Honor, there's one matter that I'd like to put on the record, and that is that I've discussed this case with Mr. Barker over the weekend, and he's indicated to me that he intends to proceed in most of the case, in terms of opening statement, cross–examination, and examining all the witnesses.
>
> I would just, for the record, indicate that this procedure's over my objection and not at my advice. I have advised against that.
>
> The Court: All right.

This was insufficient to establish that he knowingly and intelligently chose to relinquish the right to counsel.

■ The narrow issue raised by the instant appeal, however, is whether Barker's appointment as cocounsel was, in fact, a waiver of his Sixth Amendment right to counsel, thereby requiring such waiver to be made knowingly and intelligently. At Barker's omnibus hearing, he requested that he be appointed *cocounsel.* This request was granted by the court. Although a defendant has a constitutional right to proceed pro se or to proceed with counsel, there is no similar absolute right to both self–representation and the assistance of counsel. Rather, the determination of whether to allow such hybrid representation remains within the sound discretion of the trial court. *United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir. 1981); *State v. Easton,* 35 Or. App. 603, 582 P.2d 37 (1978).

*Phillips v. State,* 604 S.W.2d 904 (Tex. Crim. App. 1979) held that, while there is no right to hybrid representation, if it occurs the defendant is not entitled to admonishments about the dangers of self–representation.

> These admonishments are to be given to a pro se defendant to insure that he is informed of the dangers involved when he waives counsel. Although appellant partially represented himself in this case, he was also fully represented by counsel. Thus, no question of waiver of counsel is involved. Absent such issue arising, we cannot conclude that the trial court erred in failing to admonish appellant as to the dangers, if any, of this form of hybrid representation.

*Phillips,* at 908. The court in *United States v. Kimmel,* 672 F.2d 720, 721 (9th Cir. 1982), which also involved a hybrid representation, however, took a contrary view:

> When the accused assumes functions that are at the core of the lawyer's traditional role, as Kimmel did, he will often undermine his own defense. Because he has a constitutional right to have his lawyer perform core functions, he must knowingly and intelligently waive that right. This holding is a logical extension of the well–established rule that a waiver is required despite the presence of a court–appointed advisor. *See, e.g., United States v. Dujanovic,* 486 F.2d 182 (9th Cir. 1973).

*See Maynard v. Meachum,* 545 F.2d 273, 277 (1st Cir. 1976).

Barker in his role as cocounsel conducted the opening statement, closing argument, cross examination, and examination of all the witnesses. However, his court–appointed attorneys, William Roarty and then Rufus McKee, handled all pretrial matters which included the omnibus hearing, two changes of plea, several motions for continuance, determinations of the mental competency of Barker, and several motions in limine. Moreover, his legal counsel made all the legal objections, handled the various legal issues which arose at trial, and presented and argued the jury instructions to the court. Following trial, legal counsel argued on behalf of Barker at the sentencing proceeding.

Hence, Barker had the advice and participation of experienced legal counsel who actively assisted in and conducted his defense throughout the pretrial proceedings and at all stages of the trial itself. He was not subject to the same danger and disadvantages as one who proceeds without representation or one who has a mere technical advisor. Although Barker partially represented himself, he was also fully represented by counsel and consequently, the issue of waiver never arose. The trial court did not err by not insuring, on the record, that Barker was made aware of the dangers and disadvantages of self–representation prior to appointing him as cocounsel.

The second issue presented is whether the trial court's

refusal to grant the defendant's motion for a continuance was an abuse of its discretion.

On November 17, 1981, 3 days prior to trial, Barker's counsel McKee moved for a continuance on the basis of insufficient time to prepare. This was denied by the trial court. Although trial was scheduled to begin on November 20, 1981, pretrial motions were not heard until November 23, 1981. On that date counsel McKee renewed his motion for a continuance based on the same grounds. This motion was again denied by the trial court. Barker contends that the trial court's refusal to grant him a continuance constituted an abuse of discretion since his attorney had not had sufficient time to prepare, thereby violating his constitutional right to effective assistance of counsel.

The constitutional right to have assistance of counsel, Const. art. 1, § 22 (amend. 10), carries with it a reasonable time for consultation and preparation. *State v. Hartzog*, 96 Wn.2d 383, 402, 635 P.2d 694 (1981); *see State v. Hartwig*, 36 Wn.2d 598, 601, 219 P.2d 564 (1950) (45 minutes is an unreasonable time for preparation and is violative of constitutional due process). In determining what constitutes a reasonable time, "each case must be examined individually to determine whether the defendant has been given sufficient time for effective legal representation." *State v. Anderson*, 23 Wn. App. 445, 449, 597 P.2d 417 (1979).

Initially, it should be noted that it is unclear whether Barker may even raise the issue of ineffective assistance of counsel. A pro se defendant cannot contend on appeal that the quality of his own defense amounted to a denial of effective assistance of counsel. *Faretta*, at 835 n.46; *see State v. Fritz, supra* at 360. Here, although Barker proceeded as cocounsel rather than as a pro se defendant he may still be barred from raising this issue. However, since it has been previously determined that Barker did not, in fact, waive his right to counsel, it follows that he may properly raise the issue whether the denial of a continuance deprived him of his right to effective assistance of counsel.

"A motion for a continuance is addressed to the

sound discretion of the trial court and appellant must show abuse of that discretion." *State v. Cadena,* 74 Wn.2d 185, 188–89, 443 P.2d 826 (1968). In determining whether a trial court has abused its discretion, a reviewing court can find abuse only "if no reasonable person would have taken the view adopted by the trial court." *State v. Henderson,* 26 Wn. App. 187, 190, 611 P.2d 1365 (1980). The test is the same even though the constitutional issue of effective assistance of counsel is involved. *State v. Sutherland,* 3 Wn. App. 20, 472 P.2d 584 (1970). Moreover, "[t]he decision to deny the defendant a continuance will be disturbed on appeal only upon a showing that the defendant was prejudiced or that the result of the trial would likely have been different had the motion been granted." *State v. Kelly,* 32 Wn. App. 112, 114, 645 P.2d 1146 (1982); *see State v. Eller,* 84 Wn.2d 90, 524 P.2d 242 (1974).

Here, Barker's original trial was set for October 14, 1981. However, due to requests for continuances by the defendant and concerns over adverse publicity, the trial was not held until November 30, 1981, a month and a half after the original trial date. Although Barker's original counsel withdrew from the case on November 2, 1981, Barker was immediately appointed another attorney, Mr. McKee. Counsel McKee indicated to the court that his office received Barker's case on November 3, that he saw Barker's file on November 4 or 5, received discovery before November 9, met with Barker on November 9, and had interviewed the State's two key witnesses, the victims, prior to trial. All the State's witnesses were in town and available to speak with counsel. Moreover, counsel Roarty had interviewed all the witnesses and counsel McKee had access to the preparation of counsel Roarty. Counsel McKee further did not attempt to obtain a continuance until 3 days before trial was to commence. Based on these facts and circumstances it cannot be said that no reasonable person would have taken the view adopted by the trial court that the defense had been afforded adequate time for preparation.

Furthermore, Barker has made no showing that he was

materially prejudiced by the court's denial of a continuance. While trial was set for November 20, pretrial motions were not heard until November 23 and trial did not actually commence until November 30. This gave counsel an additional 10 days in which to prepare. His only contention regarding prejudice is that he neither had time to interview all the witnesses nor an opportunity to thoroughly research all the pertinent legal issues in the case. He does not specifically state how this was materially prejudicial to his case or that the trial would have been different had the continuance been granted. There is also nothing in the record to indicate that Barker would have elected to play a different role in the proceedings had the continuance been granted.

The judgment is affirmed.

SWANSON and CORBETT, JJ., concur.