Argued and submitted September 20, 1983, reversed and remanded May 9, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD JAMES BARKER,
*Appellant.*

(B64-388; CA A28291)

680 P2d 718

Patricia A. Vallerand, Eugene, argued the cause for appellant. With her on the brief was Leistner & Vallerand, Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert E. Barton, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

.

## BUTTLER, P. J.

Defendant appeals from his conviction for unlawful possession of a weapon, contending that the trial court did not follow the required procedure before allowing him to represent himself at trial and that there was insufficient evidence to support the verdict. We reverse.

■        The guidelines that a court must follow before allowing a defendant to represent himself were clearly set forth in *State v. Verna,* 9 Or App 620, 498 P2d 793 (1972), and *State v. Rocha,* 48 Or App 1017, 618 P2d 475 (1980). In *Verna,* we stated:

> "* * * At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." 9 Or App at 626.

In *Rocha,* we held that, although strict adherence to the *Verna* guidelines is not essential, "the record must clearly demonstrate that the decision to waive counsel was the product of an intelligent and understanding choice. * * *" 48 Or App at 1023.

■        The record here reveals only that at defendant's arraignment the judge read to him the complaint charging him with the unlawful possession of a weapon and that defendant was advised of his rights, including the right to counsel, and that counsel would be appointed for him at public expense. Defendant stated that he wanted to be represented by a certain person, who is not an attorney, which the court stated would not be permitted. Defendant then indicated that he would hire an attorney.

Nothing further appears in the record until commencement of the trial, at which time the court merely informed the jury that defendant would be representing himself. After the trial was concluded, defendant requested an attorney for sentencing. At that time, the trial judge stated:

> "* * * As I recall you and I and Mr. Dickerson spent about half an hour in my chambers before the start of trial and I explained the procedure we would go through with you and

during the course of that discussion there was no request made for a court appointed lawyer, is that right, sir?

"Defendant: That's right."

There is no other record of what occurred in chambers.

Given this state of the record, we cannot determine whether defendant knowingly and intelligently waived his right to counsel. *State v. Verna, supra.* Defendant's other assignment is without merit.

Reversed and remanded for a new trial.