Argued and submitted July 22, reversed and remanded for new trial August 24, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# DOYLE RAY BOSWELL,
*Appellant.*

(86-1011; CA A45132)

760 P2d 276

Steven R. Cotton, Gladstone, argued the cause for appellant. With him on the brief was Cotton and Gray, Gladstone.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for unauthorized use of a vehicle. ORS 164.135. He contends that the trial court erred in allowing him to represent himself without first finding that he had intelligently and competently waived his right to counsel. The record does not show a valid waiver. Therefore, we reverse and remand.

Defendant was arraigned on January 15, 1987. At that time, the following occurred:

"THE COURT: You have been charged with unauthorized use of a vehicle, alleging that on the 15th of December, 1986, you used an '82 Honda Accord without consent of the owner. This is an allegation and it is required to be proved at trial beyond a reasonable doubt. You have the right to remain silent and anything you say can be used against you to prove your guilt. You have the right to have an attorney at all stages of the proceedings and if you lack sufficient funds to hire an attorney, an attorney will be appointed for you. Do you have any money to hire an attorney?

"[DEFENDANT]: No, your Honor, I don't.

"THE COURT: Who's standing in today?

"MR. VIUHKOLA: I am, your Honor, but I understand that Mr. Boswell wants to represent himself. I spoke with him earlier. The Court might want to inquire.

"THE COURT: Do you want an attorney?

"[DEFENDANT]: No, your Honor. I wish to represent myself.

"THE COURT: All right. I am going to appoint Mr. Viukhola *for the purpose only of this arraignment.* Then I want you to talk to him again. If you determine that you don't want to be represented by counsel and that is your desire, I will abide by that, but I want you to be sure you understand the ramifications and have it clear in your mind that's what you want to do.

"So we will proceed with arraignment at this time." (Emphasis supplied.)

Trial was set for March 5.

On February 18, defendant failed to appear in court to enter a plea. A bench warrant was issued. He was arrested

and appeared in court on April 6, at which time defense counsel Viukhola advised the court that he did not know whether he would continue to represent defendant. At that time, the following occurred:

"DEFENDANT: I would object.

"THE COURT: Why?

"DEFENDANT: I was to retain Mr. Viukhola. I've been misrepresented is why I didn't appear in Court. And I would like to represent myself.

"I'd also like to plead for the same jury trial and also would like to file for discovery so I may receive these court documents myself before. I feel they are also incorrect.

"THE COURT: We're going to keep the trial date. And you may have a valid reason for that, but it wasn't the State's fault that the trial didn't go as originally scheduled and therefore, it has to be set on the 21st.

"And you can file any pleadings you desire if you don't want this attorney to represent you or anybody else. And you can seek discovery, the trial date will be set.

"MR. VIUKHOLA: Your Honor, am I to be continued as counsel? In light of [defendant's] request —

"THE COURT: No you don't need to sign that. He stated in open Court you don't want him to represent you; is that correct?

"DEFENDANT: No, Your Honor.

"THE COURT: We'll proceed with you, you need to file something and you can do that indicating you want to represent yourself and the trial will go as scheduled.

"DEFENDANT: I'm filing oral motions for discovery right now.

"THE COURT: We have that of record."

The trial was again reset.

On May 26, defendant appeared for trial. At that time, the following occurred:

"THE COURT: Good morning, folks. *State versus Boswell.* Are you ready?

"[DISTRICT ATTORNEY]: State is ready, Your Honor.

"DEFENDANT: Yes, Your Honor.

"THE COURT: Mr. Boswell, you are going to represent yourself?

"DEFENDANT: Yes.

"THE COURT: All right."

After a jury trial, defendant was convicted.[1]

Defendant contends that the trial court erred in allowing him to waive his right to counsel without first finding on the record that his waiver was intelligent and competent. The state argues that, taken as a whole, the record shows that defendant voluntarily waived his right to counsel and elected to represent himself.

Article I, section 11, of the Oregon Constitution provides, in relevant part:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

The Sixth Amendment provides, in relevant part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence [sic]."

A defendant in a criminal case has the right to waive counsel and represent himself. *Adams v. United States,* 317 US 269, 279, 63 S Ct 236, 87 L Ed 268 (1942); *State v. Verna,* 9 Or App 620, 624, 498 P2d 793 (1972). A trial court may accept an accused's waiver of counsel only after finding that the waiver is both intelligent and competent. *Faretta v. California, supra* n 2; *State v. Rocha,* 48 Or App 1017, 1023, 618 P2d 475 (1980). Waiver of counsel may not be presumed from a silent record. *Burgett v. Texas, supra* n 2, 389 US at 114; *State v. Grenvik,* 291 Or 99, 102, 628 P2d 1195 (1981).

In *Johnson v. Zerbst,* 304 US 458, 464, 58 S Ct 1019, 82 L Ed 1461 (1938), the Supreme Court stated:

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional

---

[1] When the state rested its case originally, defendant moved for a mistrial on the ground that the state had introduced certain evidence which it had not disclosed to him in advance of trial. The trial court ordered a mistrial and, after defendant declined an offer of a continuance, a second trial followed immediately.

rights and that we 'do not presume acquiescence in the loss of fundamental rights.' * * *

"* * * * *

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." (Footnotes omitted.)

In *Von Moltke v. Gillies,* 332 US 708, 723, 68 S Ct 316, 92 L Ed 309 (1948), the United States Supreme Court discussed the details that should be considered in determining the validity of a waiver of counsel:

"To discharge this duty properly in light of strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." (Footnote omitted.)

In *State v. Verna, supra,* 9 Or App at 626, we stated:

"Because the election to defend *pro se* necessarily involves a waiver of the right to counsel, it is incumbent upon the court to determine, *by recorded colloquy,* that the election or waiver is intelligent and competent. At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the

pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." (Citations omitted, emphasis supplied.)

In *State v. Twitty,* 85 Or App 98, 101, 735 P2d 1252, *rev den* 304 Or 56 (1987), we explained:

"We have not interpreted *Verna* 'to require the trial court to conduct a catechism with the defendant, analogous to *Miranda* warnings, in the absence of which a conviction must be reversed,' *State v. Barnett,* 41 Or App 797, 803, 598 P2d 1301, *rev den* 287 Or 641 (1979), but 'the record must clearly demonstrate that the decision to waive counsel was the product of an intelligent and understanding choice.' *State v. Rocha,* [*supra* 48 Or App at 1023]. A defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." ' *Faretta v. California,* [*supra,* 422 US at 835], *quoting Adams v. United States ex rel McCann, supra,* 317 US at 279."

In this case, the only inquiry that the trial court made of defendant was to ask him if he was going to represent himself. There is no record that he understood the nature of the charge, the elements of the offense, the possible punishment if he were convicted, any of the pitfalls of defending himself, the possible advantages of having an attorney or the responsibility he would incur by undertaking his own defense. Thus the record does not clearly demonstrate that his decision to waive counsel was the product of an intelligent and understanding choice.[2] *State v. Twitty, supra; State v. Rocha, supra; State v. Verna, supra.*

Reversed and remanded for a new trial.

---

[2] The record shows that defendant appeared before three different judges at various stages of his case.