Argued and submitted July 16, 1990, reversed and remanded for new trial April 17, reconsideration denied July 10, petition for review allowed July 23, 1991 (311 Or 643)

**STATE OF OREGON,**
*Respondent,*

*v.*

**ANTHONY WADE MEYRICK,**
*Appellant.*

(DCR88-13646; CA A61490)

809 P2d 710

Arthur P. Stangell, Oregon City, argued the cause and filed the briefs for appellant.

Wendy Jo Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for criminal mischief in the second degree. ORS 164.354.[1] He assigns as error that the court allowed him to represent himself without first ascertaining that his waiver of counsel was intelligent and competent. We reverse.

At defendant's arraignment, the court and defendant engaged in this colloquy:

"Court: Okay, Mr. Meyrick, the offense of menacing and criminal mischief in the second degree are both Class 'A' misdemeanors. They subject you to maximum penalties of one year in the county jail and/or a fine of twenty-five hundred dollars on each of the two charges. You have a right to have an attorney represent you in regard to these matters, and if you were indigent, you would have the right to have the court appoint an attorney for you. You, too, have the right to remain silent concerning this matter and anything you might say about it may be used for later trial or later hearing on this case. Now, it would be—first of all, do you understand those rights?

"Defendant: Absolutely.

"Court: And do you intend then to hire an attorney to help you with these?

"Defendant: No, I intend to represent myself, your honor. It's a simple matter. This is—these are just accusations. It's a simple matter, easily resolved.

"Court: Now then, so, before you decide unilaterally that this is a simple matter, and that it can be easily resolved, and that you will represent yourself, which you have every right to

---

[1] ORS 164.354 provides:

"(1) A person commits the crime of criminal mischief in the second degree if:

"(a) The person violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $100; or

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $100.

"(2) Criminal mischief in the second degree is a Class A misdemeanor."

ORS 164.345 provides:

"(1) A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable ground to believe that the person has such right, the person tampers or interferes with property of another.

"(2) Criminal mischief in the third degree is a Class C misdemeanor."

do—I want to make sure you understand that whether you think it is a simple matter or don't think it is a simple matter, the maximum penalties are as indicated. If you have misperceived the situation by virtue of inexperience concerning the legal system or the legal ramifications of any conduct in which you may have engaged, obviously the implications of that are pretty serious. So before you determine to represent yourself in this case, I want you to be fully advised of the potential problems in doing so, and if you decide that that is how you want to do this, that's fine, but I want you to understand, that if it doesn't go as simply as you think it might, that you can't later, after the fact, decide, 'well, gee, I should have maybe had an attorney.'

"Defendant:   I understand that.

"Court:   So, with that additional admonition, do you intend to hire an attorney, do you want to apply for appointed counsel, or do you desire to represent yourself?

"Defendant:   I desire to represent myself."

At a pretrial conference, this exchange took place:

"Defendant:   Good morning, your honor. I represent myself. I'm here to plead not guilty.

"Court:   O.K. That's the way you want it. You don't want an attorney in this matter?

"Defendant:   No sir."

Immediately before trial, the court again addressed defendant:

"Court:   Now you also don't have an attorney—Mr. Meyrick is—I know you've been advised that you have a right to have an attorney represent you. Are you certain that you want to proceed on your own?

"Defendant:   Yes sir. Very certain.

"Court:   You've considered that and you're convinced that that's in your best interests?

"Defendant:   In my best interests? Yes sir.

"Court:   O.K., we'll go ahead and proceed then * * *.

"* * * * *

"Court:   Mr. Meyrick, any opening statement that you would like to make?

"Defendant:   Yes sir. I'm defending myself in this matter because I feel the need to take charge of my own defense in the

face of these burdens and charges. Judge Selander, my previous attorney, told me that my chances of winning this case by going it alone were akin to his chances of handling nuclear materials with his bare hands and not being affected. Although sobering, I've chosen to disregard his advice and defend myself."

In the light of Article I, section 11, of the Oregon Constitution,[2] a court may accept a defendant's waiver of counsel only if it finds that the waiver is both intelligent and competent. *State v. Boswell,* 92 Or App 652, 656, 760 P2d 276 (1988). It must

"[a]t minimum, * * * determine whether [a] defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by taking his own defense will also serve to insure defendant's decision is made intelligently." *State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972).

On none of the three occasions when the court addressed defendant did it determine if he understood the elements of the offense of criminal mischief in the second degree. The record does not otherwise show that defendant had that understanding. Accordingly, the record does not establish that defendant's decision to represent himself was the product of an intelligent and competent choice, and the court erred when it allowed him to waive counsel. *State v. Boswell, supra; State v. Twitty,* 85 Or App 98, 735 P2d 1252, *rev den* 304 Or 56 (1987); *State v. Verna, supra.*

Reversed and remanded for a new trial.

---

[2] Article I, section 11, provides, in part:

"In all criminal prosecutions the accused shall have the right * * * to be heard by himself and counsel * * *."

In view of our disposition of the appeal, we do not address plaintiff's Sixth Amendment arguments.