Argued and submitted December 7, 1990, reversed and remanded for new trial
May 1, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID BRYAN CARTER,
*Appellant.*

## (89D-105542; CA A64550)

810 P2d 872

Loren W. Collins, Salem, argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for harassment, ORS 160.065, asserting that his waiver of the right to counsel was not the product of an intelligent and understanding choice. The record does not show a valid waiver. Therefore, we reverse and remand.

The facts are not in dispute. Defendant was charged with assault in the fourth degree, ORS 163.160, and harassment, ORS 166.065, for allegedly striking his nine year old son. He chose to represent himself at all stages of the proceedings below. He was found not guilty of assault and guilty of harassment and was placed on probation for six months.

At his arraignment, the court advised defendant of the charges against him and the possible penalties. He was also given a document that described the elements of the offense with which he was charged. However, the record does not show if he read it, and he was not asked if he understood it. The court also asked the district attorney what sentence would be recommended if defendant pleaded guilty. Defendant entered a plea of not guilty.[1] At trial, the court asked

---

[1] This exchange took place:

"The Court: It's David Bryan Carter, is that right?

"Defendant: Yes Sir.

"The Court: Your charge Assault in the Fourth Degree, a Class A misdemeanor and the penalty-the maximum penalty for that is a year in jail or a $250.00 fine or both. You have a harassment charge, which is a Class B misdemeanor, punishable by six months in jail or a $1,000.00 fine or both. And you're entitled to talk to an attorney or enter a plea. If you have no funds, I can appoint one. If Mr. Carter were to plead guilty to this charge, Ms. Kunkle, what would you be recommending?

"Deputy District Attorney: Your Honor, we would recommend a diversionary sentence where he would plead guilty, get probation to the court for a period of six months. During that period of time he would do CAL Anger Management Class, comply with all orders of CSD and family court and pay a $20.00 Victim Assessment and then we would move to dismiss it at the end of six months if those things were all done.

"The Court: Mr. Carter, what do you want to do? Do you want to talk to an attorney? Do you want to enter a plea?

"Defendant: I want to enter a plea of not guilty.

"The Court: Of not guilty?

"Defendant: Not guilty.

"The Court: Are you going to be representing yourself?

"Defendant: Yes, Sir.

defendant whether he wished to represent himself and told him that he had a right to do so.[2] Finally, at sentencing, the court asked defendant, again, whether he wished to have an attorney. Defendant said that he did not.

■ Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be heard by himself and counsel * * *."

The Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

A defendant may waive the right to counsel, but the record must show that the waiver was "intelligent and competent." *State v. Meyrick,* 106 Or App 682, 809 P2d 710 (1991); *State ex rel Juv. Dept. v. Afanasiev,* 66 Or App 531, 674 P2d 1199 (1984); *State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972).

■ In *State v. Boswell,* 92 Or App 652, 760 P2d 276, we reiterated the language in *Verna:*

"Because the election to defend *pro se* necessarily involves a waiver of the right to counsel, it is incumbent upon

---

"The Court: All right. I'm going to enter the not guilty plea and you go across the hall and they'll give you a trial date, and you tell them whether you want a jury or a non-jury trial. Alright?

"Defendant: Thank you, sir."

[2] This exchange took place:

"The Court: State versus David Carter. Sir, come on up and have a seat. This is case No. 89D 105542. Mr. Carter appears today on charges of Assault in the Fourth Degree and Harassment, and the State is represented by Ms. Jean Kunkle, Deputy District Attorney for Marion County. This is the time set for trial in the case, I believe. Ms. Kunkle, are you prepared to proceed to trial at this time?

"Deputy District Attorney: Yes, your honor.

"The Court: Okay. Mr. Carter, a couple of things I need to cover before we — we start with the trial. First of all, I see you're here by yourself. You're representing yourself on this case, is that correct?

"Defendant: Yes, sir.

"The Court: Okay. Have you had a chance to consult with an attorney, or have you decided that you want to handle this yourself?

"Defendant: I'll handle this myself.

"The Court: Okay. You have a right to do that, of course, also, if you wish."

the court to determine, by *recorded colloquy,* that the election or waiver is intelligent and competent. At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." 92 Or App at 657. (Emphasis in original.)

We have not required trial courts to conduct a "catechism" with a defendant. However, the record must show that the defendant was made aware of the dangers of self-representation, that he knew what he was doing and that his choice was made with eyes open. *State v. Twitty,* 85 Or App 98, 101, 735 P2d 1252, *rev den* 304 Or 56 (1987).

■　　　Defendant was advised of the charges against him and the possible punishments, and he was given information on the elements of the charges against him. There is nothing in the record, however, that indicates that he understood the charges and possible punishment or that he was informed in any way of the pitfalls of defending himself. Because the record does not show that defendant's waiver of counsel was the product of an intelligent and understanding choice, we hold that the waiver was not valid. Because of our disposition of this case, it is unnecessary to address defendant's other assignments of error.

Reversed and remanded for a new trial.