Argued and submitted September 27, reversed and remanded for new trial
December 18, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK DEAN DAVIS,
*Appellant.*

## (89-C-21124; CA A68012)

822 P2d 736

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Cynthia A. Forbes, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of assault in the second degree and possession of a weapon by an inmate. ORS 163.175; ORS 166.275. He appeals, contending that the trial court erred by denying his request for substitute counsel and refusing to permit him to represent himself.[1] We reverse.

■ ■ A week before his trial was scheduled to begin, defendant asked the court to appoint substitute counsel because,

> "I don't feel I'm being accurately [*sic*] represented. * * * I've been trying to have this man do things for me, and he doesn't seem to want to help me out * * *."

The court responded, "I wouldn't have appointed [your lawyer] unless I was confident that he could adequately represent you. Your request is denied." A court may not presume that a defendant's claim of ineffective counsel is meritless. It has an affirmative duty to determine, on the record, the merits of such a claim. *State v. Heaps*, 87 Or App 489, 742 P2d 1188 (1987). The court failed to make that determination.

■ Defendant then asked if he could represent himself. Again, the court summarily denied defendant's request. A criminal defendant has a constitutional right to waive counsel and to represent himself. *State v. Boswell*, 92 Or App 652, 656, 760 P2d 276 (1988); *State v. Verna*, 9 Or App 620, 624, 498 P2d 793 (1972). However, that right is not absolute. When a defendant asks to represent himself, the court must determine, on the record, whether his decision is an intelligent and understanding one. The court has a duty to make sure that the defendant understands the nature of the charge against him, the elements of the offense, the possible punishment he faces and the advantages of having an attorney versus the disadvantages of self-representation. *See State v. Carter*, 107 Or App 48, 810 P2d 872 (1991); *State v. Meyrick*, 106 Or App 682, 809 P2d 710, *rev allowed* 311 Or 643 (1991); *State v. Boswell, supra*. The court must also determine whether granting the defendant's request would disrupt the judicial process. *See State v. Verna, supra*, 9 Or App at 627.

---

[1] He also claims that the court abused its discretion by ordering him shackled during the trial. Because we conclude that the two errors that we discuss require reversal, we need not address that issue.

The state opines that granting defendant's request a week before trial "quite possibly would have necessitated a continuance." Defendant did not ask for a continuance when he asked to proceed *pro se*. We are unpersuaded by mere speculation. The state also contends that "the possibility of disruptive behavior on the part of defendant" justified the court's refusal to permit him to represent himself. The state correctly points out that the court heard evidence that would have supported a conclusion that defendant was prone to behave disruptively at trial. However, the court heard that evidence in a pretrial hearing 10 days after denying defendant's request to represent himself. That evidence played no part in the court's decision on the motion.

Reversed and remanded for a new trial.