Submitted on record and briefs January 24, reversed and remanded for new hearing February 26, 1992

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY ALLEN ALT,
*Appellant.*

(89M-1965; CA A70390)

825 P2d 661

Jonel K. Ricker, Enterprise, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Carol J. Fredrick, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Durham, Judge.

PER CURIAM

## PER CURIAM

Defendant waived his right to counsel in a probation revocation hearing and represented himself. The record does not show that the trial court advised him of the consequences of a revocation or of the possible consequences and pitfalls of representing himself. *See State v. Busby*, 107 Or App 368, 812 P2d 14 (1991). A trial court must make at least a minimum inquiry into whether a defendant understands the consequences of a waiver of counsel before allowing him to proceed without counsel. *State v. Boswell*, 92 Or App 652, 760 P2d 276 (1988). The state concedes that defendant was not advised and is entitled to a new hearing.

Reversed and remanded for a new hearing.