Argued October 21, affirmed as to CA 4865, dismissed as to
CA 4624 November 24, 1975

In the Matter of Dustin Michael Tiller, a child.
STATE EX REL JUVENILE DEPARTMENT
OF LANE COUNTY, *Respondent, v.* REDING
(No. 74-444) (CA 4865) (CA 4624), *Appellant,*
TILLER, *Respondent.*
542 P2d 934

414

*Henry G. Campbell, Jr.,* Eugene, argued the cause and filed the brief for appellant.

*Lucy B. Schafer,* Assistant District Attorney, Eugene, argued the cause for respondent Juvenile Department of Lane County. With her on the brief was J. Pat Horton, District Attorney, Eugene.

No appearance by respondent Paul Tiller.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Two questions are presented by this appeal: (1) whether in a case in which abuse of a child is al-

leged in a juvenile court petition and two hearings are held, the first to determine whether the allegations of fact are correct and the second, after a finding they are correct, as to disposition to be made of the child, an appeal may be taken under the Oregon statutes on the determination made after the first hearing without waiting for the second hearing; (2) whether in a juvenile case involving people residing locally, all of whom are before the court, it is necessary to list the information required in the Uniform Child Custody Jurisdiction Act which has been adopted in Oregon. ORS 109.700 to 109.930.

The petition and the amended petition in the juvenile court named the child and the child's mother and father and alleged all reside in Oakridge, Oregon, giving their specific addresses. The mother's counsel filed a demurrer to each petition, alleging lack of information required by ORS 109.790, which concerns former places of abode, former litigation concerning custody of the child, other persons having physical custody of the child or claims thereto, and other similar detailed information, with emphasis on litigation or custody claims in other states. The demurrers were overruled and the case was heard on April 11, 1975 on the mother's denial of the factual allegations of abuse. On April 17, 1975 the court entered its order finding that the allegations of abuse were true, "that the child is within the jurisdiction of the Court," and that the matter is "continued for investigation and disposition." The mother took an appeal from this order and a motion to dismiss the same was filed in this court by the District Attorney for Lane County. That motion was continued for determination when the case was heard on its merits. On June 9, 1975 the hearing concerning disposition of the child was held and on June 11, 1975 the court entered an order that the child be continued within the jurisdiction of the court in his present placement in

the home of his mother. Other requirements were made in the order that are immaterial to this appeal. The mother also appealed from the latter order and both appeals and the motion to dismiss the first were consolidated for determination.

■ (1) The motion for dismissal of the first appeal is granted. It was not taken from a final order of the court.

Among juvenile code sections pertinent to the question before us is ORS 419.500 which provides in Subsection (1) that the facts in the petition alleging the child be within the jurisdiction of the court must be established "by a preponderance of competent evidence" and in its Subsection (2) that for the "purpose of determining proper disposition of the child" evidence may be received by the court without regard to its "competency or relevancy under the rules of evidence"; ORS 419.498 provides that the hearing before the juvenile court "may be continued from time to time"; and ORS 419.505 provides that "[a]t the termination of the hearing or hearings * * * the court shall enter an appropriate order directing the disposition to be made of the case."

■■ The plain meaning of these related statutes, read together, is that the court may hold one or more hearings in order to arrive at two determinations: the first, whether facts produced under the rules of evidence justify the court's taking jurisdiction of the child and, second, if so, the disposition to be made of the child under more relaxed rules of evidence, including social history investigations, which are not condemned in child custody matters. *Jaeger v. Jaeger*, 224 Or 281, 356 P2d 93 (1960); *Hartnell v. Hartnell*, 208 Or 429, 301 P2d 1040 (1956); *Rea v. Rea*, 195 Or 252, 261, 277, 245 P2d 884, 35 ALR2d 612 (1952). Thus, different kinds of evidence are contemplated for each determination and that in itself

is reason to conclude the legislature contemplated that the hearing may be bifurcated and at different times. When the mother, at bar, sought to appeal from the first order of the court, only the first of two contemplated hearings had been held. By its very terms the order entered after the first hearing continued the matter for the taking of additional evidence: "* * * [T]he matter is continued for investigation and disposition."

It may be argued that by continuing the dispositional hearing to an indefinite date in the future and then unreasonably delaying that date a juvenile court might so delay as to prevent an appeal from its determination as to the existence of jurisdictional facts. The statute does not contemplate unreasonable delays and we refuse to speculate in advance that a court sworn to do its duty under the law will seek to unreasonably delay. It is obvious that no hint of any such abuse occurred at bar. It follows from the foregoing conclusions that the "hearing" in its larger sense was not completed when the mother filed her first notice of appeal. No final order had been made and the attempt to appeal was premature.

(2) The mother's demurrer to the amended petition gave as its ground: "* * * [T]he Petition, or an Affidavit attached thereto, does not give the information required by ORS 109.790 * * *."[1]

---

[1] ORS 109.790 provides:

"(1) Every party in a custody proceeding in his first pleading or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the person with whom the child has lived during the period. In this pleading or affidavit every party shall further declare under oath whether:

"(a) He has participated, as a party, witness or in any other capacity, in any other litigation concerning the custody of the same child in this or any other state;

The trial court had already denied a demurrer to the first petition, which stated the same ground. At neither time did it indicate its reason therefor. The wording of the demurrer does not indicate what, if any, of the permissible grounds for demurrer to a complaint set out in ORS 16.260 it seeks to employ. That alone was reason for the court's ruling and we see no reason to upset it.

Counsel for the mother argues that the information called for by ORS 109.790(1)[1] must be in every juvenile petition if the petition is to give the court jurisdiction, regardless of whether the case involves a matter which is on its face intrastate, as distinguished from interstate, in character. There is good reason to question this contention,[2] but it need

---

"(b) He has information of any custody proceeding concerning the child pending in a court of this or any other state; and

"(c) He knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

"* * * * *

"(3) Each party has a continuing duty to inform the court of any custody proceedings concerning the child in this or any other state of which he obtained information during this proceeding."

[2] The legislature had before it the Prefatory Note to the Uniform Child Custody Jurisdiction Act at the time Oregon adopted the Act. Therein, the commissioners on Uniform State Laws are quoted, explaining the purposes of the Act:

"There is growing public concern over the fact that thousands of children are shifted from state to state and from one family to another every year while their parents or other persons battle over their custody in the courts of several states * * *.

"* * * * *

"To remedy this intolerable state of affairs * * * uniform legislation has been urged in recent years to bring about a fair measure of interstate stability in custody awards * * *." Proposed Laws Relating to Children 171-73 (1972).

not be done here. Demurrer does not appear to be the way to remedy the defect in the petition, if there is any. If it is omitted in any case where it is appropriate, the omission may be corrected by appropriate sua sponte action of the court or on motion by an interested "contestant" as that term is defined in ORS 109.710(1).

Affirmed as to CA 4865, dismissed as to CA 4624.

The Act was adopted in Oregon in 1973. *See* comment concerning the prospective adoption of the Act in Hawkins v. Hawkins, 264 Or 221, 231, n 12, 504 P2d 709 (1972). *See also* discussion about the Act in Comment, *Child Custody Jurisdiction,* 7 Will L J 498, 506 (1971). The only discussion we find anywhere about the Act is limited to its application to interstate cases.