Argued and submitted July 27, 1983, reversed and remanded
for new hearing January 18, 1984

In the Matter of Andrew Afanasiev, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MARION COUNTY,
*Respondent,*

*v.*

## AFANASIEV,
*Appellant.*

(20,141; CA A26819)

674 P2d 1199

J. P. Harris, II, Salem, argued the cause and filed the brief for appellant.

Stephen Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Appellant appeals from an order committing him to juvenile training school. He represented himself at the adjudicatory hearing; he now contends that the order committing him should be reversed because the court did not determine on the record that his waiver of his right to counsel was intelligent and competent. We agree.

■ Appellant, a non-indigent, was charged with criminal mischief in the second degree, assault in the fourth degree and illegal possession of alcoholic liquor. The court granted him two continuances to obtain his own counsel. At the hearing following the second continuance, his probation officer told the court that appellant "wishes to proceed without an attorney." The court responded "whether he does or doesn't, we are going to proceed today." The court then asked appellant if he still denied the charges, and he responded that he did. After hearing the evidence, the court took jurisdiction and ordered a committment to MacLaren Juvenile Training School for one year. This appeal followed.

In *State v. Verna,* 9 Or App 620, 498 P2d 793 (1972), we stated:

> "Because the election to defend *pro se* necessarily involves a waiver of the right to counsel, it is incumbent upon the court to determine, by recorded colloquy, that the election or waiver is intelligent and competent. * * * At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." 9 Or App at 626. (Citations omitted.)

The record must clearly indicate that the decision to waive counsel was the product of an intelligent and understanding choice. *State v. Rocha,* 48 Or App 1017, 1023, 618 P2d 475 (1980). The record in this case is completely bare of any determination by the court that appellant understood the nature of the charges against him, the elements of the offenses and the punishment he faced. When told that appellant wished to proceed *pro se,* the court inquired only as to whether

he still denied the charges. No recorded assessment of his ability to waive his right to counsel was made as required by *Verna;* therefore, he is entitled to a new adjudicatory hearing.

■ The state incorrectly contends that our decision in *State v. Schmick,* 62 Or App 227, 660 P2d 693, *rev den* 295 Or 122 (1983), controls the present case. *Schmick* involved a non-indigent defendant who, after several continuances giving him the opportunity to obtain counsel, was forced to appear *pro se.* He protested, claiming that he still needed a lawyer, but the court denied his motion to postpone the trial. On appeal, this court held that, because defendant had had a reasonable opportunity to obtain counsel, he was not entitled to any further delay. That is not the issue here. The defendant in *Schmick* desired to be represented by counsel, but did not retain one after several opportunities to do so. In the present case, appellant made it clear that he wished to proceed without an attorney. When a defendant expressly waives his right to counsel and chooses self-representation, the court must heed *Verna* and apprise the defendant on the record of the consequences of his choice.

Reversed and remanded for a new hearing.