Argued and submitted October 22, 1985, affirmed June 18, reconsideration denied July 25, petition for review denied September 16, 1986 (301 Or 766)

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL JOSEPH PAGAN,
*Appellant.*

(10-83-03733; CA A35221)

721 P2d 859

Sally L. Avera, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen E. A. Sanders, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for criminal mischief in the first degree. ORS 164.365. He represented himself in the trial. We affirm.

Defendant was arrested on April 4, 1983, after he broke a window at the Adult and Family Services Division office in Eugene. Public Defender Services of Lane County was appointed to represent him. Shortly after the appointment, the public defender filed a motion to withdraw as counsel. That motion was later withdrawn. On April 4, 1984, defendant appeared for trial represented by the third of three attorneys in the public defender's office to have represented him. The attorney stated that defendant was not happy with his legal representation and wanted him to withdraw. Defendant told the court that he had difficulties with counsel but did not want to go to trial unrepresented. The trial judge allowed the public defender to withdraw and appointed other counsel. Trial was continued.

On December 4, 1984, the day before the second trial date, the last appointed attorney asked to withdraw but stated that he could give no reason without violating the attorney-client privilege. Defendant complained to the trial judge that the attorney had been unsympathetic and that he thought he should have the right to select his attorney. He told the court that he could not pay for an attorney and that he wanted to speak to the district attorney about a plea bargain. If a bargain were not possible, he would represent himself and would be willing to proceed to trial the following day. The trial judge allowed the attorney to withdraw. Later that afternoon defendant requested a postponement.[1] The trial judge denied the request.

Defendant assigns as error that the trial judge did not

---

[1] Defendant does not assign as error the denial of the continuance but does make a comment that the failure to grant a continuance along with not appointing substitute counsel was an abuse of discretion. Granting or denying a continuance is within the sound discretion of the trial court and will not be disturbed in the absence of abuse. Defendant does not point to any prejudice that resulted from the refusal to grant a continuance. Given the length of time that the trial had been pending, that defendant had been prepared to go to trial on two dates with two separate attorneys and that he had consulted with four different attorneys, there was no abuse. *See State v. Barnett,* 41 Or App 797, 804, 598 P2d 1301, *rev den* 287 Or 641 (1979).

appoint substitute counsel.[2] He argues that, because he did not fire his attorneys but they instead withdrew, he automatically should have been provided with substitute counsel. Defendant has no right to substitute counsel in the absence of a legitimate complaint concerning the appointed counsel, *see* *State v. Davidson,* 252 Or 617, 620, 451 P2d 481 (1969), and ORS 135.050(5) gives a trial court discretion in determining when substitution should be made. The statute provides in part:

> "The court having jurisdiction of the case *may* substitute one appointed counsel for another at any stage in the proceedings *when the interests of justice require such substitution.*" (Emphasis supplied.)

Defendant had no legitimate complaint about his attorney:

> "THE DEFENDANT: I just felt that, I don't know if I'm breaking any rule that he don't want to break, but I feel that he wasn't sympathetic on my part. I feel I have the right to select a jury, I should have the right to select an attorney. The man is going to defend me. Just as important, I feel. And in each case that I have been given an attorney, I haven't had the opportunity to speak to him until two days before the trial about how they're going to handle the matter. And seems that without putting any effort into it, I don't see — they don't see my side of the story, they're not sympathetic about my feelings about the case. And so I don't —."

The interests of justice did not require appointment of counsel for defendant. Defendant chose to proceed without an attorney, and the trial court did not abuse its discretion in requiring defendant to continue with that decision.

Defendant argues that the record does not show that he made the choice to proceed unrepresented. He argues there was no knowing waiver of the right to counsel and that the following exchange between him and the trial judge shows that he did not understand the situation and that he did not want to proceed unrepresented:

> "THE DEFENDANT: If I do defend myself, I will not relinquish my rights to an attorney?
>
> "THE COURT: You defend yourself because the court

---

[2] Defendant relies on ORS 135.045 and Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the federal constitution.

has ordered you to go to trial and you will have whatever rights that gives you."

We agree that the record shows that, when the public defender withdrew, defendant, although dissatisfied with his counsel, did not want to go to trial without representation. Substitute counsel was provided at that time. We do not agree that defendant did not knowingly waive his right to representation at the time of the later withdrawal of substitute appointed counsel.

Defendant argues that, before allowing him to proceed *pro se,* the "guidelines" set forth in *State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972), should have been followed:

"At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently."

We later stated in *State v. Barnett, supra,* 41 Or App at 803, that "[w]e do not interpret [*Verna*], however, to require the trial court to conduct a catechism with defendant, analogous to *Miranda* warnings, in the absence of which a conviction must be reversed."

Although *Verna* was not followed strictly here, the record shows that defendant consented to the withdrawal of his attorney and made it clear that he would represent himself:

"THE COURT: Let me ask you, Mr. Pagan, looked to me like in the file here you've had — this is your second court-appointed lawyer. You got any money to hire a lawyer that you want?

"THE DEFENDANT: No, I haven't. This is my fourth court-appointed attorney.

"THE COURT: Fourth?

"THE DEFENDANT: Yes. Although I would appreciate the opportunity of trying to reach a plea bargain with the District Attorney's office on my own before I do seek further legal assistance. And I believe I will wind up, if I don't reach a plea bargain, handling it myself. I feel I'm more competent

than any of the attorneys I have spoken to about the matter, being as they're not sympathetic on my part.

"THE COURT: Well, let me see if I understand you then, Mr. Pagan. Is what you'd like to do is to talk to the District Attorney and try and work out a plea bargain and then if you cannot reach a plea bargain, then you'd like to represent yourself?

"THE DEFENDANT: Yes, I'd like to get this matter taken care of. * * *

"* * * * *

"THE COURT: Mr. Pagan, if you got a chance to talk to the District Attorney sometime today and see if you can reach that agreement, if you are not, will you be ready to go to trial whatever day it is this week? You ready to proceed to trial?

"THE DEFENDANT: Well, I would be willing to, sure. I would, as I say, I would like to get it over with as quickly as possible."

After discussions with the district attorney, defendant found that the state would not agree with him as to the disposition of his case, and he began to have doubts about his ability to proceed on his own. However, he does not argue that he did not understand the charge against him or the consequences which would result from a conviction.

■ The right to counsel does not require a court to follow a defendant's changing whims. *See State v. Barnett, supra,* 41 Or App at 802. A defendant cannot be allowed to control the course of the prosecution against him. *See State v. Lingren,* 79 Or App 324, 719 P2d 61 (1986). The case against defendant was 20 months old and had already been postponed four times. He had been advised by four attorneys. He told the court that he thought himself more competent than any of them and waived his right to the assistance of counsel. The trial court did not err by not appointing still another counsel.

Affirmed.