Argued and submitted March 24, reversed and remanded May 24, 1989

In the Matter of
Roy Giles Cheney, Jr., a Male Child.
STATE ex rel JUVENILE DEPARTMENT OF
MARION COUNTY,
*Respondent,*

*v.*

CHENEY,
*Appellant.*

(JUV-20,469; CA A45839)

773 P2d 1351

Stephen A. Lipton, Salem, argued the cause and filed the briefs for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Appellant seeks reversal of a juvenile court order finding him within its jurisdiction and of the court's denial of his motions to suppress and to dismiss the petition. We reverse.

Appellant's case was adjudicated in bifurcated hearings. The first, the jurisdictional hearing, was held on April 22, 1987. On July 17, 1987, an order was entered finding jurisdiction and continuing the matter for disposition. The order also allowed the withdrawal of appellant's attorney and denied two motions, one to suppress evidence and one to dismiss the petition.[1] On August 27, after the dispositional hearing, an order was filed continuing appellant in the legal custody of the Children's Services Division for continued placement in a juvenile training school and granting guardianship to CSD.[2]

The state contends that the appeal, filed September 25, 1987, was not timely, arguing that appellant should have filed his appeal within 30 days of the July 17 entry of the jurisdictional order. ORS 419.461(3). Appellant replies that he could not have appealed the jurisdictional order and that he properly filed within thirty days of the August 27 entry of the dispositional order.

ORS 419.561(1) provides that "any person whose

---

[1] The order states, in relevant part:

"1. Howard Collins shall be withdrawn as attorney for said child.

"2. The Motion to Suppress States Evidence and the Motion to Dismiss Petition are dismissed.

"3. This matter is continued for a dispositional hearing * * *."

[2] The order states, in relevant part:

"1) The above named child is continued a ward of the Court.

"2) The child is recommitted to and placed in the legal custody of Children's Services Division, State of Oregon, for a period of time not extend beyond the date on which the child becomes 21 years of age.

"3) Further, the child is recommitted to Children's Services Division, State of Oregon, for placement in a juvenile training school for a period of 25 years, to run consecutively with prior commitment dated January 19, 1984.

"4) Guardianship of the child is granted to the Children's Services Division of the State of Oregon.

"* * * * *

"IT IS FURTHER ORDERED that Marion County Juvenile Department shall cause the child to be delivered to MacLaren Juvenile Training School."

rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom." The juvenile court may hold more than one hearing on a single petition, first to determine jurisdiction and later to make a disposition. *State ex rel Juv. Dept. v. Gates,* 96 Or App 365, 774 P2d 484; *State ex rel Juv. Dept. v. Reding,* 23 Or App 413, 542 P2d 934 (1975). If disposition is postponed, an appeal may be taken only after the dispositional order, not the jurisdictional order. The jurisdictional finding is then reviewable in the appeal after the dispositional order. *State ex rel Juv. Dept. v. Gates, supra.*

■     In this case, the jurisdictional order continued the matter for a dispositional hearing and did not discuss the disposition of appellant.[3] The judge merely ruled on appellant's motions and found him to be within the court's jurisdiction. The September 25 appeal of the August 27 dispositional order was timely, and appellant may challenge the finding of jurisdiction in this appeal.

On the merits, the question is whether the court erred in not providing appellant the opportunity to make an intelligent and competent waiver of his right to counsel before allowing him to proceed without counsel during his jurisdictional hearing. Appellant appeared with his mother and his court appointed counsel at the jurisdictional hearing. Counsel requested to be relieved of the obligation to defend appellant, stating that there had been a breakdown in their relationship and that appellant wished to represent himself. Appellant's mother also noted that she had informed the court in writing that the attorney would not act as her son's counsel.

The court questioned the attorney about the problem between him and his client and then asked appellant for his opinion about proceeding without an attorney in light of the court's inclination to proceed immediately to trial because of the presence of witnesses from a distance. Without waiting for an answer, the judge explained that he would allow appellant's

---

[3] Appellant had already been in the legal custody of CSD for a previous infraction, and the jurisdictional order did not modify his status in any way. *See* n 2, *supra.*

mother to assist him but that she would be held to the same rules as an attorney.[4] His only exchange with appellant was:

"THE COURT: * * * So how about it Mr. Cheney?

"CHENEY: I do not wish for Mr. Collins to be at my counsel at this time.

"THE COURT: With . . . okay, that's fine. Mr. Collins, you are discharged and you can turn in the required."

A juvenile has a right to counsel in a case under ORS 419.476(1)(a) charging acts that, if committed by an adult, would entitle the defendant to appointed counsel. ORS 419.498(2)(a). A defendant also has a right not to proceed with a particular attorney or any attorney. *State v. Verna,* 9 Or App 620, 624, 498 Or App 793 (1972). It is within a judge's discretion to remove or replace an attorney. *See State v. Heaps,* 87 Or App 489, 493, 742 P2d 1188 (1987).

Waiver of the right to counsel must be "intelligent and competent." *State ex rel Juv. Dept. v. Afanasiev,* 66 Or App 531, 674 P2d 1199 (1984), *quoting State v. Verna, supra,* 9 Or App at 626. The requirements for waiver include:

"At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the

---

[4] The transcript states, in relevant part:

"THE COURT: Mr. Cheney, why don't you tell me about that? What do you think about having an attorney here? Before you give me an answer, let me tell you that you do have the right to have an attorney present and in fact one has been appointed for you. The State is ready to proceed to trial and, as I understand it, we have witnesses from some distance away and I'm inclined to proceed with the trial today with or without an attorney for you because up till this point you've had the assistance of counsel. However, I want you to tell me whether or not you want Mr. Collins to represent you or not with the understanding that if he doesn't, if you discharge him, that we'll probably go ahead with the trial today and you will be without representation of a lawyer as approved by the Oregon State Bar. I understand, Mrs. Martinez, that you want to assist your son.

"MS. MARTINEZ: Yes.

"THE COURT: Okay. I want you to know, Roy, also, Mr. Cheney, that if we do proceed and Mr. Collins is discharged, I will allow your mother to sit at counsel table to assist you. However, she is not a member of the Oregon State Bar, of course, and she can only act as your advisor and she'll be subject to the same rules and regulations as any other participant in the court process, your attorney. So . . and if her objections are anything like . . I don't know what you're going to do, Ms. Martinez, but if your objections, of course, are inappropriate, I won't let you do them just the same as if an attorney made them and they weren't appropriate."

possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." 9 Or App at 626.

In this case, the court did not meet the first requirement for a waiver: a determination that the defendant understands the nature of the charge, the elements of the offense and the punishments that may be exacted. The state argues that *Verna* does not "require the trial court to conduct a catechism with [a] defendant, analogous to *Miranda* warnings, in the absence of which a conviction must be reversed." *See State v. Pagan,* 80 Or App 65, 721 P2d 859, *rev den* 301 Or 766 (1986). The state points out that appellant had been represented by counsel from a few days after the filing of the petition until the date of the hearing, that he had discussed the case with his attorney and that he had discussed the case with his mother, who was there to assist him.

That is not enough. It is the trial court's responsibility to determine, on the record, that the juvenile understands the impact of his choice, which requires that he first understand what he is charged with and the possible penalties. There is no such assessment on the record here. *See State ex rel Juv. Dept. v. Afanasiev, supra,* 66 Or App at 533-34. Appellant is entitled to a new jurisdictional hearing.

Reversed and remanded.