In the Matter of Wicks, Norman, a Child.
## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

## WICKS,
*Appellant.*

(J 58803; CA A46619)

776 P2d 582

David K. Allen, Portland, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The juvenile court found child to be within its jurisdiction, ORS 419.476(1)(a), because he had committed an act that would be rape in the first degree if done by an adult. ORS 163.375. Child seeks reversal of the order finding that he is within the jurisdiction of the court and dismissal of the petition.

**1.** A threshold question is whether the issues that child raises are reviewable. The state argues that they are not, because child appealed from a later order and, therefore, a challenge to the earlier jurisdictional order is untimely. It is necessary in resolving that issue to recite the procedural history of this case.

The petition, filed in July, 1987, alleged that child had committed rape in the first degree. The case was tried on August 28, 1987, and the court orally stated that the state had proven that child had committed an act that would be a crime if committed by an adult. The court declined to specify which crime it would be other than to say that it was as charged in the petition or some lesser included offense. On the basis of a recommendation by CSD, the court made child a ward of the court and gave CSD temporary custody. The case was set over for a dispositional hearing in order for a psychological evaluation to be completed.

On September 23, 1987, the court signed two documents, both of which were *nunc pro tunc* August 28, 1987. The first, titled "Order and Disposition," stated that the court found child to be within the court's jurisdiction and

"ordered and adjudged that

"1. That [*sic*] the child be made a ward of the Court.

"2. Temporary custody to Children's Services Division for care, placement and supervision."

The second document, titled "Commitment to Children's Services Division," is a pre-printed form on which the appropriate blanks or boxes are not completely filled in, and it is therefore difficult to decipher. It appears to order that child is "made/continued" a ward of the court and committed to the legal custody of CSD, and CSD is granted guardianship.

On October 14, 1987, the court held a hearing that all

parties and the court considered to be a dispositional hearing. After the hearing on October 28, 1987, the court signed a document denominated "Order and Disposition" and entered it the following day. That document "ordered and adjudged" that child be continued as a ward of the court in the temporary custody of CSD and be placed in a shelter care facility for two months for evaluation and treatment. The court ordered a review to be conducted two months later. Child filed his notice of appeal on November 24, 1987; it stated that he appealed from the October 28, 1987, "judgment." He appended all three documents that the trial court had signed.

The state argues that the October 28 order was not final and appealable, because it did not alter or disturb the original disposition of child. *See, e.g., State ex rel Juv. Dept. v. Hurley,* 65 Or App 805, 672 P2d 72 (1983); *State ex rel Juv. Dept. v. Nagle,* 36 Or App 237, 584 P2d 338 (1978). Additionally, the state contends, the order signed on September 23 and filed on October 6 was appealable and, because child did not file a notice of appeal within 30 days of that order, he cannot challenge the jurisdictional findings of the court. It cites *State ex rel Juv. Dept. v. W.,* 34 Or App 437, 578 P2d 824 (1978).

In that case we concluded that a juvenile could appeal a jurisdictional finding that included a disposition that she continue in the custody of her mother under the supervision of the juvenile department. We said that the order was final for the purposes of appeal, because it completed the action that the court wished to take in regard to the juvenile's offense. Here, the case was specifically set over for a dispositional hearing. The order of September 23 did not complete the action that the court wished to take. It was not final in that sense. Consequently, we hold that the order entered October 29, 1987, was appealable and that, in that appeal, child may have the jurisdictional finding reviewed. *See State ex rel Juv. Dept. v. Cheney,* 96 Or App 680, 773 P2d 1351 (1989); *State ex rel Juv. Dept. v. Gates,* 96 Or App 365, 774 P2d 484 (1989).

Child asserts two assignments of error: The state did not prove a material allegation of the petition; and the court erred in denying his motion to make the state specify a particular date when the alleged acts occurred. We affirm.

**2.** The petition alleged that child committed acts constituting rape in the first degree "[b]etween the 23rd day of June, 1987 and the 27th day of June, 1987." At that time child was 11 years old and the victim was a seven-year-old girl. Child argues, under ORS 161.290, that, because he was under 14 years of age, he did not have the capacity to commit a criminal act or the maturity to form the requisite culpable mental state. ORS 161.290, by its terms, applies only to a person being "tried as an adult in a court of criminal jurisdiction." Consequently, the statutory defense of incapacity due to immaturity is not available in a juvenile court proceeding under ORS 419.476(1)(a). The state was not required to disprove the defense under ORS 161.290, and child's motion for dismissal of the petition because of failure of proof was properly denied.

**3.** Child's other assignment is that the court should have allowed his motion to require the state to be more specific about the date of the act. He agrees that the state did not need to prove a specific date as part of the offense but argues that the lack of specificity denied him a reasonable opportunity to prove an alibi. The victim testified that the assault occurred either on Friday or on Saturday in the period of time alleged. Child put on evidence that he was elsewhere on both of those days. He did admit that he had encountered the victim at about the time and in the location that she described but denied raping or touching her. The court did not err in denying the motion. *See State v. Yielding,* 238 Or 419, 395 P2d 172 (1964).

Affirmed.