On determination of appealability on court's own motion, appeals dismissed; motion to admit out-of-state attorney *pro hac vice* denied with leave to renew October 25, 1989

In the Matter of
Kimberly Ann Boyce, a Child.

STATE ex rel JUVENILE DEPARTMENT OF
WASHINGTON COUNTY et al,
*Respondents,*

*and*

BOYCE,
*Appellant,*

*v.*

BOYCE et al,
*Appellants.*

(J87-0705; CA A49715)

781 P2d 369

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

On August 3, 1988, a hearing was held in juvenile court. On August 19, the juvenile court entered an "Order and Disposition" that held the child to be within the jurisdiction of the court; the order also allowed and denied various motions and continued the case to a later date. On September 16, the child's parents, acting on her behalf, filed a notice of appeal from the August 19 order.[1] On January 18, 1989, the juvenile court conducted a dispositional hearing. On January 26, it entered a document entitled "Commitment to Children's Services Division" that made various findings, made the child a ward of the court and committed her to the custody of CSD, which was named her guardian. On February 21, a notice of appeal from that "order" was filed.[2]

■ ■ Notwithstanding its label as "Order and Disposition," the August 19 document was not a final, appealable order because, although it found the child to be within the jurisdiction of the court, it made no disposition. *State ex rel Juv. Dept. v. Gates,* 96 Or App 365, 774 P2d 484, *rev den* 308 Or 315 (1989). Moreover, the filing of the first notice of appeal, even though it was taken from a nonappealable order, deprived the trial court of jurisdiction to proceed. ORS 19.033(1); *Murray Well-Drilling v. Deisch,* 75 Or App 1, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986); *see also Ellis v. Roberts,* 302 Or 6, 725 P2d 886 (1986).

■ Under ORS 19.033(4), we have the authority to give a trial court leave to enter a final judgment (or, in a juvenile case, a final dispositional order). However, that statute is usually invoked only when the trial court has conducted a trial or other proceeding and has arrived at a determination when it clearly has jurisdiction of the cause. This case is different, because the first notice of appeal was filed before the dispositional hearing took place. Thus, we cannot invoke our power to give leave to enter a final dispositional order, because,

---

[1] We need not decide whether the parents had the authority to file the notice.

[2] That notice of appeal was filed by a Colorado attorney who had apparently been admitted *pro hac vice* by the juvenile court. At the time of the filing of the notice of appeal, that attorney also moved to be admitted *pro hac vice* in this court. The motion is denied with leave to renew it on a showing that the attorney has associated with an Oregon attorney, as required by ORS 9.240.

before the first notice of appeal was filed, the trial court had not arrived at a disposition.

■        In *Dry Canyon Farms v. U.S. National Bank of Oregon,* 96 Or App 190, 772 P2d 1343 (1989), we held that a trial court does not lack jurisdiction to enter a judgment in a supplemental proceeding initiated while a case is on appeal, provided that no substantive decisions are made or judgment entered until after appellate court jurisdiction ceases. In that case, a show cause order issued while the case was on appeal and the appellate judgment had not issued. The appellate judgment issued before the supplemental proceeding came on for hearing and before entry of the judgment arising out of that proceeding. We held that the show cause hearing was not a nullity merely because the order to show cause was issued before the appellate judgment. The controlling facts were that the hearing and entry of the judgment took place *after* the appellate judgment issued. Implicit in that decision is the concept that a trial court does not have jurisdiction to make substantive decisions when a case is on appeal. It follows that the juvenile court did not have jurisdiction to proceed to a disposition after the parents, albeit prematurely, filed a notice of appeal from the jurisdictional determination.

        Appeals dismissed.