Argued and submitted June 12, reversed and remanded for new dispositional
hearing November 13, 1991

In the Matter of
Cristobal Markos Anzaldua, a Child.

STATE ex rel JUVENILE DEPARTMENT
LINN COUNTY,
*Respondent,*

*v.*

CRISTOBAL MARKOS ANZALDUA,
*Appellant.*

(89333J; CA A66476)

820 P2d 869

Kent Hickam, Albany, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

In this juvenile proceeding, child appeals from an order of commitment to a juvenile training school. ORS 419.509. He argues that he was denied his due process rights under the Fourteenth Amendment, because the dispositional hearing was held without his counsel being present. We reverse.

On the day in question, child appeared in court with his attorney at approximately 1:30 p.m. Child's counsel informed the court that he had discussed the allegations with child and that child was prepared to admit some of them. The judge informed child that "in this case [he] could be placed in the MacLaren School for approximately five years or [until his] 21st birthday, whichever came first," if he admitted that he was in violation of his probation. Child then admitted the violations. Following his admissions, a CSD representative informed the court that he was concerned that child was not going to be rehabilitated without commitment to the state training school, because of his need for drug and alcohol treatment. A representative from the county juvenile department recommended to the court that proceedings be continued for an hour and a half so that child, his parents and a juvenile department representative could meet to decide whether child would accept the representative's offer of a family therapy program as an alternative to commitment. The court agreed to the request and continued the matter until 3:00 that afternoon.

The hearing reconvened at 3:05. Child and his mother were present. Neither child's counsel nor the prosecutor was present. Child and his mother did not ask that the hearing be set over so that child's counsel could be present. The juvenile department representative reported that there had been an agreement reached by the family to begin therapy the next day. The court heard from the CSD representative, child and his mother and then ordered that child be committed to a juvenile training school.

Child argues he was denied due process when the court committed him to a juvenile training school without his

attorney being present.[1] The state does not dispute that child had a right to be represented by counsel in the proceedings. However, it argues that the trial court was not required *sua sponte* to order a continuance or inquire into the reason for counsel's absence.

The issue is whether child effectively waived his right to counsel by his failure to object to the court proceeding in his counsel's absence. An effective waiver requires the intelligent and competent relinquishment of a known right. *State v. Twitty,* 85 Or App 98, 102, 735 P2d 1252, *rev den* 304 Or 56 (1987). In *State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972), we explained that, in a criminal proceeding, the court must make certain inquiries to determine that the waiver was made intelligently and competently. In *State ex rel Juv. Dept v. Afanasiev,* 66 Or App 531, 674 P2d 1199 (1984), we required the same inquiry in an adjudicatory juvenile proceeding under ORS chapter 419. We hold that no less is required here, because the result of the hearing will affect the child's liberty interests as much as an adjudicatory hearing. The record is silent as to whether child knew that he had a right to have counsel present, much less whether he intelligently and competently relinquished that right. The court had an obligation to advise child of his right to have counsel present and, if he chose to waive that right, to make a record that clearly indicates that child's decision is the product of an intelligent and understanding choice.

Reversed and remanded for new dispositional hearing.

---

[1] Child does not contend that his right to counsel under ORS 419.498(2)(a) or under Article I, section 11, of the Oregon Constitution was denied.