Argued and submitted May 13, appeal dismissed July 27, 1994

In the Matter of
Sawdon, Jessica, Jennifer and Jeremy, Children.

## STATE ex rel JUVENILE DEPARTMENT OF WASCO COUNTY,
*Respondent,*

*v.*

### Eleanor PAULL,
*Appellant.*

(J93-089; CA A81478 (Control))

In the Matter of
Sproule, Krissa, Kayla and Harley, Children.

## STATE ex rel JUVENILE DEPARTMENT OF WASCO COUNTY,
*Respondent,*

*v.*

### Eleanor PAULL
and Douglas Sproule,
*Appellants.*

(J93-090; CA A81479)

878 P2d 1135

Chris P. Ledwidge argued the cause and filed the brief for appellants.

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, waived appearance for respondent.

Before Rossman, Presiding Judge, and Leeson and Haselton, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

In this juvenile proceeding, mother appeals from the juvenile court's finding that four of her six children are within the jurisdiction of the court under ORS 419.476(1)(c), (e).[1] Father appeals with regard to the three younger children. The state waived the filing of a brief and oral argument and indicated to the court that it would not appear in the case. After oral argument, the state filed a motion for leave to make a limited appearance for the purpose of filing a motion to dismiss the appeal for lack of jurisdiction.

■      Under ORAP 7.05(1)(c), a party may raise an issue of jurisdiction of the appellate court by motion at any time during the appellate process. It is on that basis that we allow the state to make an appearance.

■      ORS 419A.200(1) authorizes an appeal by "any person whose right or duties are adversely affected by a final order of the juvenile court." In a proceeding in which a child is found to be within the juvenile court's jurisdiction, the final and appealable order is the dispositional order. *State ex rel Juv. Dept. v. Boyce*, 99 Or App 43, 45, 781 P2d 369 (1989). The court may hold more than one hearing on a single petition. It may first determine jurisdiction and then postpone making a dispositional order until after a later hearing, in which event the appeal must be taken from the dispositional order, not the jurisdictional order. The jurisdictional finding is reviewable in the appeal of the dispositional order. *State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 371, 774 P2d 484, *rev den* 308 Or 315 (1989).

■■      Whether a disposition is complete and final for purposes of appeal depends on whether the record shows that the juvenile court has completed the disposition that it intends to make. *State ex rel Juv. Dept. v. Wicks*, 97 Or App 390, 393, 776 P2d 582 (1989). If, in the order, a case is specifically set over for dispositional hearing, then the order indicates that the court has not completed disposition of the matter. *State ex rel Juv. Dept. v. Wicks, supra.* Here, the two orders from which the appeal is taken expressly continue disposition to a later date. Accordingly, we conclude that the state is correct that

[1] The statute has been renumbered ORS 419B.100(1)(e).

the orders are not final and that the appeal should be dismissed.[2]

Appeal dismissed.

---

[2] The filing of the notice of appeal deprived the juvenile court of jurisdiction to proceed with the disposition. *State ex rel Juv. Dept. v. Boyce, supra,* 99 Or App at 45. Accordingly, the court was without jurisdiction to enter any order regarding disposition during the pendency of the appeal.