# 151

Argued and submitted October 31, motion to dismiss appeal in A86613 granted; motion to dismiss appeal in A89208 denied; vacated in part and remanded for further proceedings December 4, 1996

In the Matter of the Trust of
Zahnie J. Crockett, Deceased.

Dennis DOUTHIT,
*Appellant,*

*v.*

WESTERN BANK TRUST GROUP,
Trustee of the Zahnie Crockett Trust;
June Moore; Eva Hiatt, former trustee
of the Zahnie Crockett Trust;
Zahna Rainboth; Theodore R. McNeely;
Jody McNeely; Robert J. Adams;
Ronald W. Adams; and Kristi Landucci,
*Respondents.*

Curry County Circuit Court No. 92PRO19;
CA A86613)

In the Matter of the Estate of
Dollie E. Crockett, Deceased.

Dennis DOUTHIT,
*Appellant,*

*v.*

WESTERN BANK TRUST GROUP,
Personal Representative of the
Estate of Dollie Crockett, Deceased;
June Moore; Eva Hiatt, former personal
representative of the Estate of
Dollie Crockett, Deceased;
Zahna Rainboth; Theodore R. McNeely;
Jody McNeely; Robert J. Adams;
Ronald W. Adams; and Kristi Landucci,
*Respondents.*

(No. 91PRO48)

In the Matter of the Estate of
Dollie E. Crockett, Deceased.

In the Matter of the Trust of
Zahnie J. Crockett, Deceased.

Theodore R. McNEELY
and Jody McNeely, husband and wife,
*Appellants,*

*v.*

WESTERN BANK TRUST GROUP,
Personal Representative of the
Estate of Dollie E. Crockett, Deceased,
and Trustee of the Zahnie J. Crockett Trust;
June Moore; Eva Hiatt; Zahna Rainboth;
Dennis Douthit; Robert J. Adams; Ronald W. Adams;
and Kristi Landucci,
*Respondents.*

(No. 92PRO48, 91PRO19; CA A89208)
(Cases Consolidated for Opinion Only)

919 P2d 314

**In CA A86613:**

Owen B. McCullen argued the cause for appellant. With him on the briefs were Kathleen M. Fritton and Armstrong, McCullen & Fritton.

Steven L. Wilgers argued the cause and filed the brief for respondent Western Bank Trust Group. Respondents Zahna Rainboth and Eva Hiatt joined in the brief.

Martin E. Stone argued the cause for respondents Theodore and Jody McNeely. With him on the brief was Stone, Trew & Cyphers.

John R. Bakkensen, William H. Walters and Miller, Nash, Wiener, Hager & Carlsen filed the brief for respondents Theodore R. McNeely, Robert J. Adams, Ronald W. Adams and Kristi Landucci.

Les Swanson, Jr., argued the cause for respondent Eva Hiatt.

No appearance for respondent June Moore.

**In CA A89208:**

Martin E. Stone argued the cause for appellants. With him on the briefs was Stone, Trew & Cyphers.

Steven L. Wilgers argued the cause and filed the brief for respondent Western Bank Trust Group.

Michael N. Bodkin argued the cause for respondent June Moore. With him on the brief was Foss, Whitty, Littlefield & McDaniel. Respondent Eva Hiatt joined in the brief.

Owen B. McCullen argued the cause for respondent Dennis Douthit. With him on the brief was Armstrong, McCullen & Fritton.

William H. Walters argued the cause for respondents Robert J. Adams, Ronald W. Adams and Kristi Landucci. With him on the brief were John R. Bakkensen and Miller, Nash, Wiener, Hager & Carlsen.

No appearance for respondent Zahna Rainboth.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Western Bank Trust Group is the personal representative of the Dollie Crockett estate and the trustee of the Zahnie Crockett trust. The McNeelys appeal an order entered on June 19, 1995, in probate proceedings for the Crockett estate and trust. The order directed Western Bank to sell a ranch owned by the estate and trust to a group of four people, identified for these purposes as the Douthit group.[1] We review the order for errors of law and abuse of discretion and vacate it.

■ The court had entered an order on November 4, 1994, in which it had determined that a prior agreement between Western Bank and the Douthit group for the sale of the ranch was null and void.[2] The Douthit group filed an appeal from that order, the subject of which was the continued validity of that agreement to sell the ranch. We determined that we had jurisdiction of that appeal.

■ While that appeal was pending, the trial court entered the order at issue in the McNeely appeal that approved the sale of the ranch pursuant to a new offer from the Douthit group. We hold that the court lacked jurisdiction to enter that order. If effective, the order would have rendered the Douthit appeal moot. That is because a sale of the ranch pursuant to the June 19, 1995, order would make a decision on the validity of the first sale to the Douthit group unnecessary. It is ironic that both sales were to the Douthit group, but that does not alter the fact that the trial court lacked jurisdiction to enter the June 19, 1995, order. Except in circumstances not present here, a trial court does not have jurisdiction to make substantive decisions about the subject of a pending appeal, which in this case is the sale of the Crockett ranch. ORS 19.033(1); *see, e.g., State ex rel Juv. Dept. v. Boyce*, 99 Or App 43, 46, 781 P2d 369 (1989).[3]

---

[1] The McNeelys appealed the order because they had made a competing offer to purchase the ranch, which the court rejected in favor of the Douthit offer.

[2] The sale agreement was between Western Bank and Dennis Douthit. For purposes of the appeal, we will refer to the sale as one involving the Douthit group, because the other members of the group ultimately became involved in it.

[3] The problem presented in this case could have been avoided if the Douthit group had dismissed its appeal before seeking court approval of the second sale, or

On October 24, 1996,[4] the trial court entered an order that purports to amend the June 19, 1995, order at issue in the McNeely appeal. Based on the October 24, 1996, order, Western Bank has moved to dismiss the McNeely appeal on the ground that that order moots the appeal. We deny Western Bank's motion for the same reason that we vacate the June 19, 1995, order directing Western Bank to sell the ranch to the Douthit group, which is that the trial court lacked jurisdiction to enter the order.

Western Bank and the Douthit group argue, however, that the trial court had authority to enter the June 19, 1995, and October 24, 1996, orders because the court had authority to continue to administer the Crockett estate and trust while the Douthit and McNeely appeals were pending, and selling estate and trust assets is an aspect of administration. The trial court does have authority to administer the Crockett estate and trust while the Douthit and McNeely appeals are pending, but the actions it takes pursuant to that authority cannot substantively affect the subject of those appeals.

Motion to dismiss appeal in A86613 granted; motion to dismiss appeal in A89208 denied; June 19, 1995, order directing Western Bank to sell the Crockett ranch to the Douthit group vacated; remanded for further proceedings.

---

if the group had sought approval of the second sale conditioned on the resolution of the pending appeal. *See, e.g., Dry Canyon Farms v. U.S. National Bank of Oregon,* 96 Or App 190, 195, 772 P2d 1343 (1989). Although the latter condition may seem implicit in the June 19, 1995, order, we cannot treat that order as containing something that it does not. The Douthit group did move to dismiss its appeal, but it did not do so until the day that the Douthit and McNeely appeals were argued to us. Until the appellate judgment issues disposing of these appeals, the trial court lacks jurisdiction to make substantive decisions about the sale of the Crockett ranch that are not conditioned on the disposition of the appeals.

[4] The order was entered on October 30, 1996, *nunc pro tunc* October 24, 1996.