Argued and submitted March 26, dispositional judgment reversed and remanded
October 29, 2008

In the Matter of J. H.-O.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF POLK COUNTY,
*Respondent,*

*v.*

J. H.-O.,
*Appellant.*

Polk County Circuit Court
7475J; Petition Numbers 7475J2, 7475J3;
A133626

196 P3d 36

Angela Sherbo argued the cause for appellant. On the brief were Maite Uranga and Juvenile Rights Project, Inc.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Youth appeals a juvenile court dispositional judgment committing her to the custody of the Oregon Youth Authority (OYA). ORS 419C.478. She asserts that the court erred in its jurisdictional finding that she had committed acts that, if committed by an adult, would constitute theft in the second degree. ORS 419C.005; ORS 164.045. Youth also contends that the court erred by committing her to OYA custody after a dispositional hearing at which she was not represented by counsel. The state concedes that the court erred by committing youth to OYA custody when she was not represented, but contends that youth's challenges to the court's finding of jurisdiction are not reviewable because she did not appeal from the earlier judgment in which that finding was made. We agree with and accept the state's concession, reverse the dispositional judgment, and remand for further proceedings. However, because we conclude that youth's challenges to the court's jurisdictional finding do not concern the judgment from which she appeals, we reject those challenges.

In 2005, youth, in a proceeding in which she was represented by counsel, admitted to acts that, if committed by an adult, would constitute burglary in the first degree. ORS 164.225. After accepting youth's admission, the court found her to be within its jurisdiction, imposed an eight-day suspended sentence, and placed her on probation. The court later held two review hearings to address potential probation violations. Shortly after the second review hearing, the state filed a new petition, alleging that youth had committed acts that, if committed by an adult, would constitute second-degree theft. In June 2006, the court held a hearing on that petition. Although youth was not represented by counsel, the state submitted, and the court accepted, an admission of jurisdiction signed by youth. The following statement appears immediately above youth's signature: "I have the right to appeal the Court's final order by filing Notice of Appeal within 30 days of the date of disposition. * * *" The court entered a jurisdictional judgment in which it found that youth was within the court's jurisdiction and had waived her right to counsel, and set over disposition to a later date.

Youth did not appeal that judgment. At the later disposition hearing, in which youth again was not represented by counsel, the court revoked youth's probation, committed her to OYA custody, and entered a dispositional judgment to that effect. Youth did not object to the court's decision to hold a hearing without providing her with counsel. Youth filed a timely appeal from the dispositional judgment.

Youth asserts three assignments of error, the first two of which challenge the court's June 2006 jurisdictional judgment. She first assigns error to the finding that her admission to second-degree theft was knowing, voluntary, and intelligent. Next, youth assigns error to the court's finding that she validly waived her right to counsel at the jurisdictional hearing. Although those challenges to the jurisdictional judgment appear to be untimely under ORS 419A.200 and ORS 419A.205, youth relies on case law predating those statutes to contend that her appeal is timely. Finally, youth contends that the court erred by revoking her probation without notifying her of its intent to do so and by not providing her with counsel. The state responds that youth's first two assignments of error are not reviewable because she did not appeal from the court's jurisdictional judgment as required by ORS 419A.200 and ORS 419A.205. The state concedes youth's third assignment of error, agreeing that youth was unlawfully deprived of her right to counsel.

We begin with youth's first two assignments of error, both of which require us to determine whether, in light of recent amendments to the statutes governing the appealability of juvenile court judgments, our prior case law—which required a party challenging the findings in a jurisdictional order to do so by challenging the dispositional order, as youth did here—remains authoritative. Youth contends that those changes—specifically the amendment of ORS 419A.200 and the enactment of ORS 419A.205—do not invalidate our case law. Employing the methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), which requires us to determine legislative intent by considering, as appropriate, a statute's text, legislative history, and other construction aids, we conclude that the case law on which youth relies is no longer controlling.

■■    Under ORS 419A.200(1), "a party to a juvenile court proceeding * * * whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom." A party who chooses to appeal must file a notice of appeal "not later than 30 days after the entry of the court's judgment." ORS 419A.200(3)(c). ORS 419A.205 describes the various types of appealable judgments:

"(1)    For the purpose of being appealed, the following are judgments:

"(a)    A judgment finding a child or youth to be within the jurisdiction of the court;

"(b)    A judgment disposing of a petition including, but not limited to, a disposition under ORS 419B.325 or 419C.411[.]"

Thus, the text of ORS 419A.205(1)(a) and (b) demonstrate that jurisdictional and dispositional judgments are separately appealable. Those provisions, read together with ORS 419A.200(3)(c), establish that a party who seeks to challenge either type of judgment must file a notice of appeal within 30 days of that judgment's entry. *See Premier West Bank v. GSA Wholesale, LLC*, 196 Or App 640, 650, 103 P3d 1169 (2004) (text of related provisions serves as context when construing a statute).

That reading finds support in other subsections of ORS 419A.205 that describe the juvenile court's jurisdiction while a jurisdictional judgment is on appeal, how a party appeals a dispositional judgment that is entered while the party's appeal of a jurisdictional judgment is pending, and the effect on the dispositional judgment of an appellate court's reversal or modification of a jurisdictional judgment:

"(2)    An appeal from a judgment finding a child or youth to be within the jurisdiction of the court does not deprive the juvenile court of jurisdiction to proceed with a disposition of the matter.

"(3)    If an appeal is taken from a judgment finding a child or youth to be within the jurisdiction of the court before the juvenile court enters a judgment disposing of the matter under ORS 419B.325 or 419C.411, any necessary

modification of the appeal must be made according to the rules of the appellate court.

"(4)  When an appeal is taken from a judgment finding a child or youth to be within the jurisdiction of the court, if the appellate court:

"(a)  Reverses the judgment, the judgment disposing of the matter is reversed; or

"(b)  Modifies the judgment, a party may move for relief as otherwise provided by law."

Those provisions demonstrate that the legislature anticipated a scenario where a party might challenge a jurisdictional judgment before the disposition has occurred.

In contrast, the text of the prior statute governing appealability of juvenile court orders did not directly provide that a jurisdictional judgment could be appealed. *See Weber and Weber*, 337 Or 55, 66-67, 91 P3d 706 (2004) (the preexisting common law and statutory framework within which a law is enacted serves as its context). *Former* ORS 419.561(1) (1991), *repealed by* Or Laws 1993, chapter 33, section 373,[1] provided, in part:

"(1)  [A]ny person whose rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom."

No provisions described what constituted a "final order."

We relied on *former* ORS 419.561(1)—specifically, the statute's requirement of a "final order"—when we were first called on to consider the question whether a jurisdictional order was appealable. *See generally State ex rel Juv. Dept. v. Reding*, 23 Or App 413, 542 P2d 934 (1975). In *Reding*, we concluded that a jurisdictional order was not appealable because it was not a final order. *Id.* at 417. Having observed that the juvenile code contemplated multiple

---

[1] Although repealed in the 1993 reorganization and recodification of the juvenile code, *former* ORS 419.561(1) was reenacted in substantially the same form:

"(1)  [A]ny person whose rights or duties are adversely affected by an order of the juvenile court may appeal therefrom. * * *"

ORS 419A.200(1) (1993), *amended by* Or Laws 2001, ch 480, § 3.

hearings to arrive at two determinations—whether jurisdiction existed and, if so, the proper disposition of the matter—and that the jurisdictional order at issue continued that matter for disposition, we reasoned that, because there had not yet been a disposition, there was no final order. *Id.* at 416-17. In later cases, relying on the rationale of *Reding*, we held that, where the juvenile court had entered a jurisdictional order but postponed making a disposition until a later date, the appeal must be taken from the dispositional order and the court's jurisdictional findings were reviewable on that appeal. *State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 371-72, 774 P2d 484, *rev den*, 308 Or 315 (1989); *see also State ex rel Juv. Dept. v. Paull*, 129 Or App 227, 229, 878 P2d 1135 (1994); *State ex rel Juv. Dept. v. Cheney*, 96 Or App 680, 683, 773 P2d 1351 (1989).

■    Contrary to youth's contention, *Reding* and its progeny have no bearing on the interpretation of either ORS 419A.200 or ORS 419A.205. Under the current statutory scheme, the question is not whether an order is "final"; instead, the appropriate question is whether an appealable judgment has been entered. If so, then a party may appeal the judgment if, barring extenuating circumstances, he or she does so within 30 days. ORS 419A.200(3)(c); *see also* ORS 419A.200(5)(a) (allowing a party, other than the state, to file a notice of appeal up to 90 days after a judgment is entered, if special showings are made). As noted, ORS 419A.205 separately describes the types of appealable judgments and specifically states that a jurisdictional judgment is an appealable judgment. In contrast, *Reding* and its progeny were based on a conclusion that, under the then-existing statutory scheme, jurisdictional orders were not "final" and, hence, were not appealable. Where, as here, the legislature has altered the material language on which we based prior decisions and has enacted a provision that is inconsistent with those prior decisions, those decisions no longer have precedential value. *See State v. Crotsley*, 308 Or 272, 277-78, 779 P2d 600 (1989). *Reding* and its progeny have no bearing on the current statutory scheme and thus do not aid youth. Because youth did not appeal the jurisdictional judgment, we lack jurisdiction to consider youth's challenges to that judgment.

■   We turn now to youth's final assignment of error. She contends, and the state concedes, that the juvenile court committed plain error by revoking her earlier-established probation at a dispositional hearing in which she was not represented by counsel and without informing her of the court's intent to do so. We agree, accept the state's concession, reverse the dispositional judgment, and remand.

■   We explain briefly our decision to exercise our discretion to address the error. This court may exercise its discretion to address an unpreserved error of law that is "apparent on the face of the record." ORS 5.45(1). An error is plain if it is purely legal, obvious and not reasonably in dispute, and depends on irrefutable predicate facts, so that we are not required to go beyond the record and choose between competing inferences. *State v. Page*, 197 Or App 72, 78, 104 P3d 616 (2005), *rev den*, 340 Or 673 (2006). In deciding whether to exercise our discretion to address such an error, we consider various factors, including

> "the competing interests of the parties; * * * the ends of justice in the particular case; * * * and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). We also consider whether youth encouraged the judge's choice and the possibility that youth made a strategic choice not to object to the court's action. *See State v. Fults*, 343 Or 515, 522-23, 173 P3d 822 (2007) (describing additional factors for consideration in plain error cases); *see also State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 675 (2008).

The court's decision to revoke youth's probation at a dispositional hearing in which she was not represented is an error apparent on the face of the record. Because the hearing had the potential to result in a loss of youth's liberty, she was entitled, as a matter of due process, to representation by counsel. *See In re Gault*, 387 US 1, 36, 87 S Ct 1428, 18 L Ed 2d 527 (1967) ("A proceeding where the issue is whether the

[youth] will be found 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. * * * The [youth] 'requires the guiding hand of counsel at every step in the proceedings against him.' "); *cf. State v. Busby,* 107 Or App 368, 369, 812 P2d 14 (1991) (a criminal defendant has a constitutional right to be represented by counsel at a probation revocation hearing).

Here, the error was of constitutional magnitude, and the record does not indicate that youth encouraged the court's decision to conduct the hearing without providing for the assistance of counsel. Moreover, we perceive no strategic reason why youth might have chosen to proceed without the assistance of counsel. *See Fults,* 343 Or at 522-23. Accordingly, we are persuaded to exercise our discretion to review the unpreserved error.

Dispositional judgment reversed and remanded.